[Civ. No. 3611. Fourth Dist. Mar. 20, 1946.]

F. A. GRAHAM GILLIES et al., Appellants, v. EARL H. BRENT et al., Respondents.

Edward T. Lannon and Jesse George for Appellants.

Monroe & McInnis for Respondents.

BARNARD, P. J.—This is a motion to dismiss the appeal on the ground that it was taken too late, notice of appeal having

been filed more than sixty days after entry of the judgment and more than thirty days after the denial of a motion for a new trial.

The judgment was entered on March 15, 1945, and notice thereof was served and filed on March 16. Notice of intention to move for a new trial was served and filed on March 22, 1945, and was denied on April 9, 1945. Notice of this order was served and filed on April 16, 1945, and notice of appeal was served and filed on June 8, 1945.

In opposition to the motion to dismiss, the appellants contend that the filing of the notice of appeal on June 8, 1945, was within 120 days of the date of the entry of the judgment and, therefore, within the time for appeal as extended by subdivision (b) of rule 3 of the Rules on Appeal. Subdivision (a) of rule 3, where a motion for a new trial is denied, extends the time for appeal from the judgment until 30 days after denial of the motion. Subdivision (b) provides that where a motion to vacate a judgment or to vacate a judgment and enter a new and different judgment is not acted on within 120 days after entry of the judgment, the time for appeal from the judgment is extended until 120 days after entry of the judgment.

 The only notice of motion which was here filed is entitled ''Notice of Intention to Move For a New Trial.'' It states that the plaintiffs and cross-defendants ''intend to move the court to vacate and set aside the judgment and decision of the court heretofore rendered in the above cause and to grant a new trial of said cause upon the following grounds, to wit:.'' This is followed by a statement of most of the statutory grounds for granting a new trial, as set forth in section 657 Code of Civil Procedure.

The appellants rely on this notice as being a notice of intention to make two motions, (1) a motion to vacate and set aside the judgment and (2) a motion to grant a new trial. They state in their supporting affidavit that both an oral motion to vacate and set aside the judgment and a motion for a new trial were made on April 9, 1945; that the court then denied the motion for a new trial; but that the court has never ruled on the motion to vacate and set aside the judgment. It is, therefore, contended that they had, under rule 3(b), 120 days from the date of the judgment in which to file notice of appeal. The record before us does not show that two separate motions were made on April 9, and the

affidavit filed in support of respondents states that the matter was presented entirely as a motion for a new trial and that it was not suggested at any time that any other motion was pending or that any other matter remained for consideration.

The one notice of motion which was filed was not only entitled as a notice of intention to move for a new trial, but its wording indicates an intention to seek a vacation of the judgment only, for the purpose of granting a new trial, and on the grounds provided therefor. The form used is one which is commonly used in notices of a motion for a new trial. There is, of course, a sense in which vacating and setting aside a judgment is a necessary and concurrent part of granting a new trial. Rule 3(b) does not refer to vacating a judgment in this sense and merely for the purpose of granting a new trial, but refers to vacating a judgment or vacating a judgment and entering a new and different judgment on other grounds and for other purposes. That rule was intended to extend the time for taking an appeal when such a motion is properly made and not to change the authorization or requirements otherwise provided for the making of such a motion.

Section 663, Code of Civil Procedure, authorizes the vacating and setting aside of a judgment and the entry of another and different judgment on the ground that the conclusions of law are inconsistent with or not supported by the findings of fact. Section 663a provides that the party intending to make such a motion must, within ten days after notice of the entry, of judgment, serve and file a notice of his intention to so move, designating the grounds of the motion "and specifying the particulars in which the conclusions of law are not consistent with the finding of facts." Admittedly, this was not done here. Assuming that rule 3(b) is also applicable to other possible situations where it is desired to move to vacate a judgment without asking to have another and different judgment entered, the proper procedure would necessarily have to be followed and the appropriate grounds stated as a basis for the relief sought. Nothing of the kind was done here, the only notice filed being the usual one of an intention to move for a new trial.

Nothing here appears to make rule 3(b) applicable and the matter is governed by rule 3(a). It follows that the notice of appeal, not having been filed within thirty days after the denial of the motion for a new trial, was filed too

late and was not within any extension of time permitted by the statutes or by the rules. The appeal must, therefore, be dismissed. (*Estate of Hanley,* 23 Cal.2d 120 [142 P.2d 423].)

The motion is granted and the appeal is dismissed.

Marks, J., and Griffin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 16, 1946.