[No. D031180. Fourth Dist., Div. One. Feb. 4, 2000.]

MICHELLE Y. MAIDES et al., Plaintiffs and Appellants, v.
RALPHS GROCERY COMPANY, Defendant and Respondent.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.

## COUNSEL

Employment Law Center, Thomas R. Gill and Paul D. Jackson for Plaintiffs and Appellants.

Thelen, Reid & Priest, Linda Husar, Remy Kessler and Robert Spagat for Defendant and Respondent.

## OPINION

**WORK, Acting P. J.**—Michelle Y. Maides and Scott D. Maides appeal a summary judgment in favor of Ralphs Grocery Company. As a matter of first impression in this case where the Maideses filed a notice of intent to move to vacate *before* judgment was entered, we hold the 60-day period within which an appeal must ordinarily be brought (Cal. Rules of Court,[2] rule 2(a)) cannot be shortened by the provisions in rule 3(b), which pertain to time limits for filing appeals after filing such notices. We conclude the sole purpose of rule 3(b) is to extend appeal time to accommodate motions to vacate a judgment. Accordingly, the Maideses' appeal brought within 60 days of the service of the notice of judgment is timely. We affirm the judgment, however, because the trial court correctly found the Maideses were collaterally estopped from relitigating sex discrimination issues decided against them in federal court.

I

*Factual and Procedural Background*

Michelle began working for Ralphs in 1987. She was a member of the United Food & Commercial Workers International Union, AFL-CIO-CIC/Local 135 (Union). The collective bargaining agreement "provided that employees who had been employed by Ralphs for one year or more were entitled to a medical leave of absence, for reasons including pregnancy, for up to six months." Ralphs placed all temporarily disabled workers on leave, regardless of the cause of disability, and terminated those who were unable to return to work after six months.

In July 1991, Michelle told her supervisor, Steve Witt, she was pregnant and restricted from lifting more than 25 pounds. At the relevant time, she was a dairy manager and her tasks included repetitive lifting of 50-pound milk crates. Witt denied her request to work as a cashier during her pregnancy and required her to take disability leave. During her eighth month of

---

[2]All rule references are to the California Rules of Court.

pregnancy, Ralphs fired her because she did not return to work after her six-month leave expired.

In July 1992, Michelle sued the Union in federal court for breach of its duty of fair representation. She filed a first amended cross-complaint that included her husband as a plaintiff and Ralphs as a defendant. The Maideses filed a second amended complaint against Ralphs only, alleging the following counts: (1) sex discrimination in violation of title VII of the federal Civil Rights Act of 1964 (Title VII); (2) sex discrimination in violation of the California Fair Employment and Housing Act (FEHA); (3) tortious discharge against California public policy; (4) intentional infliction of emotional distress; (5) negligence; (6) fraud; and (7) loss of consortium.

In October 1994, the court granted in part Ralphs's motion for summary judgment. It dismissed the fourth, fifth and sixth counts, finding they were "preempted by the Labor Management Relations Act. . . ." It also dismissed the Title VII claim because the Maideses failed to show a prima facie case under disparate treatment or disparate impact theories of discrimination. The court declined to exercise its discretionary authority to retain jurisdiction over the Maideses' remaining state law claims, the second, third and seventh counts. The court dismissed those counts without prejudice. The Ninth Circuit Court of Appeals affirmed the ruling.

In November 1994, the Maideses sued Ralphs in state court for sex discrimination in violation of FEHA, wrongful discharge in violation of public policy and loss of consortium. In October 1997, Ralphs moved for summary judgment, arguing the Maideses were collaterally estopped from relitigating the same discrimination issues decided against them in federal court. The court granted the motion. The Maideses unsuccessfully moved to vacate the judgment under Code of Civil Procedure section 663. The court entered judgment in favor of Ralphs in March 1998.

## II

### *Timeliness of the Appeal*

 Ralphs urges us to dismiss the appeal for untimeliness. The failure to file a notice of appeal within the applicable time period deprives the appellate court of jurisdiction. (*Monreal v. Tobin* (1998) 61 Cal.App.4th 1337, 1347 [72 Cal.Rptr.2d 168].) Generally, a notice of appeal must be filed on or before "60 days after the date of service of a document

entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal[.]" (Rule 2(a).)[3]

The Maideses complied with rule 2(a), as they were served with notice of entry of judgment on March 17, 1998, and filed their notice of appeal on May 7, 1998. Ralphs asserts the appeal is nonetheless untimely because it runs afoul of rule 3(b) since the notice of appeal was not filed within 90 days after the Maideses filed their notice of intent to move to vacate the judgment, a motion on which the court had not yet ruled.[4] In Ralph's view, the Maideses' January 16, 1998, filing of a notice of intent cut the ordinary 60-day appeal period of rule 2(a) roughly in half.

A threshold issue is whether the Maideses served and filed their notice of intent "within the time in which, under rule 2, a notice of appeal may be filed," as required to trigger rule 3(b). (Rule 3(b).) We agree with Ralphs that the notice of intent was timely under rule 3(b) even though filed before entry of judgment. Code of Civil Procedure section 663a expressly authorizes the filing of a notice of intent either before or after the entry of judgment.[5] Rule 2(c) provides that a ". . . notice of appeal filed prior to entry of the judgment, but after its rendition, shall be valid and shall be deemed to have been filed immediately after entry." By extension, a notice of intent filed before entry of judgment comports with rule 3(b). Rule 3(b) precludes extension of the applicable appeal period of rule 2(a) where a notice of intent is filed *after* that time expires. (See *Meier v. Heckel* (1960) 183 Cal.App.2d 329, 331 [6 Cal.Rptr. 817].)

Additionally, the notice of intent was valid within the meaning of rule 3(b). To be valid, a motion must be based on some recognized grounds for vacation, such as Code of Civil Procedure section 663, upon which the

---

[3]Rule 2(a) provides in part: "Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a notice of appeal from a judgment shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal . . . ; or (3) 180 days after the date of entry of the judgment."

[4]Rule 3(b) provides: "When a valid notice of intention to move to vacate a judgment or to vacate a judgment and enter another and different judgment is served and filed by any party on any ground within the time in which, under rule 2, a notice of appeal may be filed, or such shorter time as may be prescribed by statute, the time for filing the notice of appeal from the judgment is *extended* for all parties until the earliest of 30 days after entry of the order denying the motion to vacate; or *90 days after filing the first notice of intention to move to vacate the judgment;* or 180 days after entry of the judgment." (Italics added.)

[5]Code of Civil Procedure section 663a provides that a notice of intent may be filed "1. Before the entry of judgment; or [¶] 2. Within 15 days of the date of mailing of notice of entry of judgment by the clerk of the court . . . , or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest."

Maideses relied. (*Lamb v. Holy Cross Hospital* (1978) 83 Cal.App.3d 1007, 1010 [148 Cal.Rptr. 273].)

The question remains whether the 90-day provision of rule 3(b) can shorten the 60-day period of rule 2(a). Division One of the Court of Appeal, First Appellate District, has rejected the notion that other subdivisions of rule 3 can abbreviate the applicable rule 2(a) period. In *Brice v. Dept. of Alcoholic Bev. Control* (1957) 153 Cal.App.2d 315 [314 P.2d 807], the court held the 60-day period of rule 2(a) was not shortened by rule 3(a)(1) (now rule 3(a)), which provided " 'if the motion [for a new trial] is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law.' " (153 Cal.App.2d at p. 319.) The court explained "rule 3(a)(1) operates only to *extend* the time in which to appeal, and never to cut down the time provided by rule 2(a)." (153 Cal.App.2d at p. 320.)

In *Carpiaux v. Peralta Community College Dist.* (1989) 215 Cal.App.3d 1220 [264 Cal.Rptr. 208], the court held the 180-day period of rule 2(a) was not shortened by rule 3(d)'s provision that a notice of appeal must be filed within 30 days of entry of an order denying a motion for a new trial or its denial by operation of law, where the appealing party has moved both for a new trial and for entry of a judgment notwithstanding the verdict, and the court does not decide the motions within 60 days after the filing of the notice of intention to move for a new trial. "[B]y the terms of . . . rules 2 and 3, rule 3 *extends* applicable time limits. The clear import of the two rules, read together, is that there is an outside time limit of 180 days, and that any applicable shorter time limit may be extended by rule 3 up to, but not beyond the 180-day limitation." (215 Cal.App.3d at p. 1223.)

Ralphs argues that *Brice* and *Carpiaux* are inapplicable because they were based on former rule 2(a), which read: " 'Except as otherwise provided by Code of Civil Procedure section 870 or other statute, a notice of appeal shall be filed within 60 days after the date of mailing notice of entry [of] judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, *unless the time is extended as provided in rule 3.*' " (Historical Notes, 23 pt. 1 West's Ann. Codes, Rules (1996 ed.) foll. rule 2, p. 36, italics added.) In 1990, rule 2(a) was amended to basically its current form, providing that its limitations apply "[e]xcept as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3[.]" (Rule 2(a); see Historical Notes, 23 pt. 1 West's Ann. Codes, Rules, *supra*, foll. rule 2, p. 36.)

■ " 'The usual rules of statutory construction are applicable to the interpretation of the California Rules of Court.' [Citation.]" (*Conservatorship of Coombs* (1998) 67 Cal.App.4th 1395, 1398 [79 Cal.Rptr.2d 799].) "Our primary aim in construing any law is to determine the legislative intent. [Citation.] In doing so we look first to the words of the statute, giving them their usual and ordinary meaning." (*Committee of Seven Thousand v. Superior Court* (1988) 45 Cal.3d 491, 501 [247 Cal.Rptr. 362, 754 P.2d 708].) ■ Rule 3(b) provides that the rule 2(a) periods shall be "extended" under enumerated circumstances. ■ ■ ■ Moreover, the title of rule 3 is "Extension of time and cross-appeal."[6] ■ An "extension," of course, denotes "an additional period of time given one to meet an obligation." (Random House Unabridged Dict. (2d ed. 1993) p. 684.) Rule 3(b) unambiguously operates only to expand the ordinary time within which an appeal must be brought, and thus the word extended in former rule 2(a) was mere surplusage.

Although we need not resort to "extrinsic indicia of the enactor's intent" (*Conservatorship of Coombs, supra,* 67 Cal.App.4th at p. 1398), the following explanation of rule 3(b)'s adoption is informative: "Under [rule 3(b) as originally enacted], only new trial proceedings served to extend time to appeal. In view of the general policy favoring applications for relief in the trial court, the draftsman suggested that motions [to vacate] made under Section 663 of the Code of Civil Procedure, which are analogous and complementary to new trial motions, should likewise receive the benefits of the extension provision." (Witkin, *New California Rules on Appeal* (1943-1944) 17 So.Cal. L.Rev. 79, 96-97, fn. omitted.) Given rule 3(b)'s objective, it cannot reasonably be interpreted to *shorten* the time to appeal.

We hold that the extension provision of rule 3(b) cannot be used to truncate the 60-day period of rule 2(a). The Maideses complied with rule 2(a) and thus their appeal is timely.

### III

*Collateral Estoppel**

. . . . . . . . . . . . . . . . . . . . . .

---

[6]A rule's title is germane where it is not at odds with its substantive provisions. (See *In re Bandmann* (1958) 51 Cal.2d 388, 392 [333 P.2d 339].)

*See footnote 1, *ante*, page 1363.

## DISPOSITION

The judgment is affirmed. Respondent is awarded costs on appeal.

Benke, J., and McIntyre, J., concurred.

A petition for a rehearing was denied February 29, 2000.