[No. D043723. Fourth Dist., Div. One. July 12, 2005.]

ANNETTE F., Plaintiff and Respondent, v.
SHARON S., Defendant and Appellant.

## COUNSEL

Blatchley & Blatchley, William E. Blatchley; John L. Dodd & Associates and John L. Dodd for Defendant and Appellant.

National Center for Lesbian Rights, Shannon Minter and Courtney Joslin for Plaintiff and Respondent.

## OPINION

**McDONALD, J.**—Sharon S. (Sharon) appeals an order awarding Annette F. (Annette) attorney fees in Annette's action raising custody and visitation issues as to their son Zachary. On appeal Sharon contends the trial court: (1) acted in excess of its jurisdiction by awarding attorney fees without statutory authority; and (2) abused its discretion by awarding Annette $17,500 in attorney fees in the circumstances of this case. Annette contends Sharon's appeal is untimely and should be dismissed. Because we conclude Sharon's notice of appeal was not timely filed, we dismiss her appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Sharon and Annette were in a committed relationship from 1989 through mid-2000. (*Sharon S. v. Superior Court* (2003) 31 Cal.4th 417, 422 [2 Cal.Rptr.3d 699, 73 P.3d 554].) In 1996 Sharon gave birth to Zachary. (*Ibid.*) In 1997 Annette adopted Zachary through a second-parent adoption.

In 1999 Sharon gave birth to Joshua. (*Sharon S. v. Superior Court, supra,* 31 Cal.4th at p. 422.) Sharon signed an independent adoption placement agreement in which she consented to Annette's adoption of Joshua. (*Ibid.*) Annette filed a petition to adopt Joshua through a second-parent adoption, but Sharon subsequently moved for court approval to withdraw her consent to the adoption. (*Id.* at p. 423.) Litigation ensued regarding Annette's petition to adopt Joshua, ultimately resulting in a decision by the California Supreme Court in *Sharon S. v. Superior Court,* and remand for further proceedings. (*Id.* at p. 446.)

In September 2000 Annette filed a petition to establish a parental relationship, seeking a court determination that she is the parent of Zachary and Joshua.[1] Her petition also sought physical custody of and reasonable visitation with the children. In conjunction with her petition, Annette also filed an order to show cause seeking orders for custody, visitation, attorney fees and costs, and case consolidation (apparently to consolidate the instant petition with her separate petition to adopt Joshua).

In December the court stayed Annette's petition to establish a parental relationship with Joshua, whose proposed adoption by Annette was subject to ongoing proceedings in the juvenile court, but the court allowed her action to proceed as to Zachary. The court then ordered Annette to pay Sharon $907 per month in child support for Zachary.

On November 21, 2002, at a hearing on pending child support, visitation, and discovery issues, the trial court granted Annette's request for an award of attorney fees and ordered Sharon to pay Annette $17,500 in attorney fees. Annette's counsel offered to prepare and submit for the court's approval a written order reflecting its oral rulings at the hearing.

On March 14, 2003, Sharon apparently submitted for filing with the court a motion seeking reconsideration of the court's award of attorney fees to Annette.[2]

---

[1] Although Annette's petition specifically alleged she had adopted Zachary in 1997, her petition nevertheless apparently sought, inter alia, a determination under the Uniform Parentage Act (UPA) (Fam. Code, § 7600 et seq.) that she was Zachary's parent.

[2] We state that Sharon *apparently* submitted the reconsideration motion for filing with the court because the copy contained in the appellate record is not date-stamped as filed in the trial court. However, a declaration of Sharon's counsel states that the motion for reconsideration was submitted for filing with the court on March 14, 2003. Because Annette apparently does not dispute that Sharon submitted or filed a motion for reconsideration on or about March 14, and the court and parties at subsequent hearings refer to Sharon's motion for reconsideration, we assume for purposes of this opinion that on March 14 Sharon moved for reconsideration of the attorney fee award.

On March 17 the court issued a written order reflecting its oral ruling at the November 21, 2002 hearing ordering Sharon to pay Annette $17,500 in attorney fees. The March 17 order did not address Sharon's motion for reconsideration.

On April 10 the court set a hearing on Sharon's motion for reconsideration. On October 2, after two continuances of the hearing date, Sharon's motion for reconsideration was heard and denied by the trial court. On January 8, 2004, the court issued a "corrected" written order reflecting its rulings at the October 2, 2003 hearing.

On February 5, 2004, Sharon filed a notice of appeal regarding "the order denying rehearing entered January 8, 2004, and the order of November 21, 2002, granting Annette . . . attorney fees, and the whole thereof, including all prior orders."

On August 16 we sent a letter to counsel noting that under California Rules of Court, rule 2,[3] the last day a timely notice of appeal could be filed from the March 17, 2003 order awarding Annette attorney fees was September 13, 2003, and an order denying a motion for reconsideration is not appealable. We requested that each counsel submit a letter explaining why Sharon's appeal should not be dismissed on the grounds that the January 8, 2004 order denying her motion for reconsideration is not an appealable order and the notice of appeal is untimely as to the March 17, 2003 order awarding Annette attorney fees.

On August 24 Sharon filed a letter brief responding to our August 16 letter. Subsequently, the parties filed briefs addressing the substantive issues of Sharon's appeal, as well as the issues raised in our August 16 letter.

## DISCUSSION

## I

### *Sharon's Appeal Must Be Dismissed*

Sharon argues her appeal should not be dismissed because: (1) her notice of appeal was timely filed because the trial court granted a hearing on her motion for reconsideration of its March 17, 2003 order awarding Annette attorney fees, the effect of which was to vacate that order; and (2) we should consider the trial court's order denying her motion for reconsideration to be appealable in the circumstances of this case. Alternatively, Sharon requests that we consider her appeal to be a petition for writ relief.

---

[3] All rule references are to the California Rules of Court.

## A

We first address the timeliness of Sharon's notice of appeal of the trial court's March 17, 2003 order awarding Annette attorney fees and whether its grant of a hearing on her motion for reconsideration of that order vacated that order for purposes of appeal under appellate rules.

██  "A timely notice of appeal vests jurisdiction in the Court of Appeal. [Citations.]" (*Adoption of Alexander S.* (1988) 44 Cal.3d 857, 864 [245 Cal.Rptr. 1, 750 P.2d 778].) "The time for appealing a judgment [or appealable order] is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal. [Citation.]" (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 [61 Cal.Rptr.2d 166, 931 P.2d 344].) "In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune [citations]. . . . If it appears that the appeal was not taken within the [relevant jurisdictional period], the court has no discretion but must dismiss the appeal of its own motion even if no objection is made. [Citations.]" (*Estate of Hanley* (1943) 23 Cal.2d 120, 123 [142 P.2d 423].) "If a notice of appeal is not timely, the appellate court must dismiss the appeal. ([Rule 2(b).]) The latest possible time within which a notice of appeal must be filed is 180 days after entry of judgment or entry of an appealable order. ([Rule 2(a)(3), (d)(3), & (f).])" (*Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 582 [120 Cal.Rptr.2d 213].)

Rule 2 provides:

"(a) . . . Unless a statute or rule 3 provides otherwise, a notice of appeal must be filed *on or before the earliest of*:

"(1) 60 days after the superior court clerk mails the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was mailed;

"(2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or

"(3) *180 days after entry of judgment.*

"(b) . . . Except as provided in rule 45.1, no court may extend the time to file a notice of appeal. *If a notice of appeal is filed late, the reviewing court must dismiss the appeal.* [¶] . . . [¶]

"(d) . . . For purposes of this rule:

"(1) The entry date of a judgment is the date the judgment is filed under Code of Civil Procedure section 668.5, or the date it is entered in the judgment book.

"(2) The entry date of an appealable order that is entered in the minutes is the date it is entered in the permanent minutes. *But if the minute order directs that a written order be prepared, the entry date is the date the signed order is filed* . . . . [¶] . . . [¶]

"(f) . . . As used in (a) . . . , 'judgment' includes an appealable order if the appeal is from an appealable order." (Italics added.)

Rule 3(d) provides:

"If any party serves and files a valid *motion to reconsider* an appealable order under Code of Civil Procedure section 1008, subdivision (a), *the time to appeal from that order is extended for all parties until the earliest of*:

"(1) 30 days after the superior court clerk mails, or a party serves, an order denying the motion or a notice of entry of that order;

"(2) 90 days after the first motion to reconsider is filed; or

"(3) *180 days after entry of the appealable order.*" (Italics added.)

■ Because the minute order for the November 21, 2002 hearing directed Annette's counsel to prepare a written order for the trial court's approval, the court's oral ruling at the November 21 hearing awarding attorney fees to Annette, as reflected in that minute order, did *not* constitute the entry date of an appealable order for purposes of rule 2. (Rule 2(a), (d)(2); *County of Alameda v. Johnson* (1994) 28 Cal.App.4th 259, 261, fn. 1 [33 Cal.Rptr.2d 483].) Rather, the applicable entry date was *March 17, 2003*, when the trial court issued its written order reflecting its oral rulings at the November 21, 2002 hearing. (Rule 2(d)(2); *County of Alameda*, at p. 261, fn. 1.) Accordingly, the jurisdictional period for Sharon to file a notice of appeal challenging that order began on March 17, 2003. Absent another rule extending the appeal period, rule 2(a) provides that a notice of appeal must be filed within the *earliest of* 60 days of mailing by the court clerk or service by a party to

the appealing party of a notice of entry (or a file-stamped copy) of the appealable order *or* 180 days after that order was entered. Because the record on appeal does not contain a document showing when, or if, a notice of entry (or file-stamped copy) of the order was mailed by the court clerk to Sharon, or served by Annette on Sharon, we presume the applicable appeal period, absent a rule extending that period, is the 180-day period under rule 2(a)(3), which in this case expired on September 15, 2003 (i.e., 180 days after March 17, extended until the first business day thereafter).

Although Sharon apparently does not dispute this application of rule 2(a) in general, she argues her (assumed) filing of a motion for reconsideration on or about March 14, 2003, extended the appeal period otherwise applicable under rule 2(a). As noted *ante*, rule 3(d) provides that in the event a motion for reconsideration is filed and served, the appeal period that otherwise would apply (i.e., rule 2(a)) is *extended until the earliest of*:

"(1) 30 days after the superior court clerk mails, or a party serves, an order denying the motion or a notice of entry of that order;

"(2) 90 days after the first motion to reconsider is filed; or

"(3) 180 days after entry of the appealable order." (Rule 3(d).)

■ Because the trial court in this case did not deny Sharon's motion for reconsideration until October 2, 2003 (at the earliest, based on the court's minute order), or January 8, 2004 (at the latest, based on the court's formal written order), the 30-day period after mailing or service of that order denying reconsideration under rule 3(d)(1) was *later than* either the 90-day period after filing of the motion under rule 3(d)(2) or the 180-day period after entry of the appealable order awarding attorney fees under rule 3(d)(3). *Assuming* Sharon filed her motion for reconsideration on March 14, 2003, the earliest date for expiration of the appeal period under rule 3(d) would have been June 12, 2003 (i.e., 90 days after filing of the motion for reconsideration), *had* an earlier expiration period applied under rule 2(a). (Rule 3(d)(2).) However, because we concluded, *ante*, that under rule 2(a) the applicable appeal period in the circumstances of this case expired on September 15, 2003, rule 3(d) can apply only to "extend" (or increase) the appeal period that otherwise would apply under rule 2(a). (See Advisory Com. com., West's Ann. Court Rules (2005 ed.) foll. rule 3, pp. 27–28; cf. *Maides v. Ralphs Grocery Co.* (2000) 77 Cal.App.4th 1363, 1368–1369 [92 Cal.Rptr.2d 542] [concluding rule 3(b) operated only to extend, not shorten, the appeal period otherwise applicable under rule 2(a)].) ■ Because rule 3(d) cannot shorten an appeal period otherwise applicable under rule 2(a), the appeal period in the circumstances of this case *expired* 180 days after entry of the order awarding

Annette attorney fees, or *on September 15, 2003*, which is the same expiration date that applied under rule 2(a)(3). (Rules 2(a)(3), 3(d)(3); Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2004) ¶ 3:62, p. 3-24 (rev. # 1 2004) [Rule 3 "extensions *cannot* lengthen the time for noticing an appeal beyond 180 days after the date of entry of the appealable judgment or order. As stated, the 180-day deadline is the *outside* limit in all cases [citation]"].)

■ Sharon argues the trial court's *grant of a hearing* on her motion for reconsideration *vacated* its March 17, 2003 order and therefore presumably cancelled the running of the appeal period that otherwise would have applied and expired on September 15, 2003, under rule 3(d)(3). However, Sharon concedes she has not found a published court decision holding that the effect of a grant of a hearing on a motion for reconsideration of an appealable order is to vacate that order. The likely reason she has not found any supporting authority is that the holding would be illogical under Code of Civil Procedure section 1008[4] and rules 2 and 3. Neither the statutory language of section 1008 nor case law interpreting that statute supports the interpretation suggested by Sharon. Rather, as with its "sister" rule 3 motions (e.g., motion for new trial and motion to vacate judgment), the mere *grant of a hearing* on a motion for reconsideration of an appealable order should *not* be interpreted as *vacating* that order. Were the mere grant of a hearing on a motion to reconsider an order sufficient to vacate that order, a party could obtain effective (if only temporary) relief sought by the motion without necessarily establishing sufficient grounds for the motion or even without the grant by the trial court of the ultimate relief sought. As in the cases of motions for new trial and to vacate a judgment, it would result in a non sequitur if the mere grant of a hearing on those motions by a trial court had the effect of vacating the judgments (or appealable orders) being challenged. We conclude the trial court's grant of a hearing on Sharon's motion for reconsideration of the March 17, 2003 order awarding Annette attorney fees did *not* have the effect of *vacating* that order.[5] Sharon was an aggrieved party under section 902 and had standing to appeal the March 17, 2003 order awarding Annette attorney fees. Although a timely filing of a notice of appeal by Sharon generally would have divested the trial court of jurisdiction to complete its consideration of her section 1008 motion for reconsideration and that divestiture would be

---

[4] All further statutory references are to the Code of Civil Procedure.

[5] Sharon's citations of rule 25(d) and *County of Amador v. El Dorado County Water Agency* (1999) 76 Cal.App.4th 931 [91 Cal.Rptr.2d 66], do not provide persuasive support for her argument, because they do not involve section 1008 or the appellate rule applicable to motions for reconsideration (i.e., rule 3(d)). In contrast, rule 25(d), which applies to opinions filed by appellate courts, *expressly* provides: "An order granting a rehearing vacates the decision and any opinion filed in the case and sets the cause at large in the Court of Appeal." In this case, because neither section 1008 nor rule 3(d) contains an express provision regarding motions for reconsideration, we decline to construe them as Sharon suggests.

contrary to public policy favoring resolution of issues in the trial court, that policy cannot prevail over the clearly expressed jurisdictional rules in rules 2(a) and 3(d) that notices of appeal must be filed no later than 180 days after entry of the appealable order being challenged.[6] Furthermore, because of the clearly expressed jurisdictional rules in rules 2(a) and 3(d) for filing of notices of appeal, we doubt Sharon could reasonably be "lulled into a sense of security that her time for filing a notice of appeal had not yet run" by the trial court's mere grant of a hearing on her motion for reconsideration.

Because Sharon did not file her notice of appeal until February 5, 2004, it was untimely filed (i.e., filed after the September 15, 2003 deadline) under rules 2(a) and 3(d). Accordingly, we have no jurisdiction to consider this appeal and dismiss it. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.*, *supra*, 15 Cal.4th at p. 56; *Estate of Hanley*, *supra*, 23 Cal.2d at p. 123 ["If it appears that the appeal was not taken within the [relevant jurisdictional period], the court has no discretion but must dismiss the appeal of its own motion even if no objection is made. [Citations.]"]; *Laraway v. Pasadena Unified School Dist.*, *supra*, 98 Cal.App.4th at p. 582 ["The latest possible time within which a notice of appeal must be filed is 180 days after entry of judgment or entry of an appealable order."].)

B

██ Sharon argues we nevertheless should consider the trial court's order denying her motion for reconsideration to be appealable in the circumstances of this case. Although there appears to be a split of authority regarding the appealability of orders denying motions for reconsideration (see *In re Marriage of Burgard* (1999) 72 Cal.App.4th 74, 80–81 [84 Cal.Rptr.2d 739]), we are persuaded by the reasoning of the majority of recent cases that have concluded orders denying motions for reconsideration are *not* appealable. "Most of the recent cases consider a motion for reconsideration never appealable. [Citations.]" (*Id.* at p. 81.) In *Rojes v. Riverside General Hospital* (1988) 203 Cal.App.3d 1151 [250 Cal.Rptr. 435] (overruled on another ground in *Passavanti v. Williams*, *supra*, 225 Cal.App.3d at p. 1607), the court stated: "The same policy reasons for determining that denials of motions to vacate judgments and motions for new trial are not appealable are

---

[6] Because of our analysis, we need not address or decide whether section 660's express 60-day time limit for decisions on motions for new trial applies to create an implied time limit for decisions on motions for reconsideration (for which there is no time limit for decisions expressed in section 1008). (See, e.g., *Miller v. United Services Automobile Assn.* (1989) 213 Cal.App.3d 222, 227–228 [261 Cal.Rptr. 515] [concluding section 660 time limits *do* apply to motions for reconsideration]; *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1607–1608, fn. 5 [275 Cal.Rptr. 887] [concluding section 660 time limits *do not* apply to motions for reconsideration].)

applicable to denials of motions for reconsideration: namely, to eliminate the possibilities that (1) a nonappealable order or judgment would be made appealable, (2) a party would have two appeals from the same decision, and (3) a party would obtain an unwarranted extension of time to appeal. [Citations.]" (*Rojes, supra,* at p. 1161.) Subsequent courts have agreed with *Rojes's* reasoning and conclusion that orders denying motions for reconsideration are not appealable. (*Crotty v. Trader* (1996) 50 Cal.App.4th 765, 769 [57 Cal.Rptr.2d 818]; *Hughey v. City of Hayward* (1994) 24 Cal.App.4th 206, 210 [30 Cal.Rptr.2d 678]; *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 333, fn. 1 [60 Cal.Rptr.2d 539] [in which we cited *Rojes* in concluding an order denying a motion for reconsideration is not appealable]; *Estate of Simoncini* (1991) 229 Cal.App.3d 881, 891 [280 Cal.Rptr. 393]; *In re Jeffrey P.* (1990) 218 Cal.App.3d 1548, 1550, fn. 2 [267 Cal.Rptr. 764].) Similarly, *Reese v. Wal-Mart Stores, Inc.* (1999) 73 Cal.App.4th 1225 [87 Cal.Rptr.2d 346] also concluded orders denying motions for reconsideration are not appealable, stating: ▇ "The order [denying reconsideration] is not appealable. [Citations.] Section 904.1 . . . does not authorize appeals from such orders, and to hold otherwise would permit, in effect, two appeals for every appealable decision and promote the manipulation of the time allowed for an appeal." (*Reese, supra,* at p. 1242, fn. omitted.) Nothing in the circumstances of this case persuades us to disregard the reasoning of those cases holding orders denying motions for reconsideration are not appealable. We conclude the trial court's order denying Sharon's motion for reconsideration is *not* appealable.

## C

▇ Sharon alternatively requests that we consider her appeal to be a petition for writ relief and thereby address the merits of her contentions. However, the authority cited by Sharon, *Mauro B. v. Superior Court* (1991) 230 Cal.App.3d 949 [281 Cal.Rptr. 507], supports the position that Sharon's untimely filed appeal should *not* be considered to be a petition for writ relief. *Mauro B.* stated: "It is well settled that a party is not entitled to obtain review of an appealable judgment or order by means of a petition for an extraordinary writ where he or she failed to timely file an appeal from the ruling. [Citations.] In *Leach v. Superior Court* [(1932)] 215 Cal. 531 [12 P.2d 1], the Supreme Court held a writ would not lie where the petitioner 'had a right to appeal from the order or judgment in question, and has permitted his time to elapse without perfecting an appeal therefrom.' (*Id.* at p. 535.) '. . . [T]here is no authority for treating an untimely appeal as a writ petition. [Citation.] *To do so would be improper because a writ petition should be entertained only where there is no adequate remedy by appeal and the remedy by appeal is not made inadequate by a party's having neglected to submit his notice of appeal*

*for filing within the time allowed.* [Citation.]' (*In re Marriage of Patscheck* [(1986)] 180 Cal.App.3d [800,] 804 [225 Cal.Rptr. 787], italics added.) [¶] . . . [¶]

■ "Where an appeal lies, the timely filing of a notice of appeal is a jurisdictional requirement. [Citations.] However, the Supreme Court has held the use of an extraordinary writ to review an appealable judgment or order after the time for appeal has passed is barred except 'in the absence of special circumstances constituting an excuse for failure to employ that remedy . . . .' [Citations.]

"Although the Supreme Court has not defined what constitutes special circumstances in this context, relief has been allowed in only very narrow situations. A few cases have permitted a party to employ a writ after the time for an appeal expired where the lower court acted in excess of its jurisdiction or fundamental constitutional rights were violated. [Citations.] In *Phelan v. Superior Court* [(1950)] 35 Cal.2d 363 [217 P.2d 951], the court also permitted the writ to be heard on its merits where uncertainty had previously existed respecting the appealability of the order in question, and several earlier decisions, overruled in *Phelan*, had held an appeal was not an adequate remedy in that type of case. [Citation.]" (*Mauro B. v. Superior Court, supra*, 230 Cal.App.3d at pp. 952–954.)

We are not persuaded that any of the special circumstances noted in *Mauro B.* apply in this case. Sharon does not argue the trial court acted in excess of its jurisdiction or that her fundamental constitutional rights were violated. Furthermore, under the clearly expressed jurisdictional rules for appeals under rules 2(a) and 3(d), there could be no reasonable doubt as to when Sharon's notice of appeal was required to be filed. Accordingly, we decline to consider Sharon's appeal to be a petition for writ relief.

II

*Sharon's Substantive Contentions*

Because we dismiss Sharon's appeal as untimely filed, we do not address the merits of her substantive contentions on appeal.[7]

---

[7] Similarly, because we dismiss her appeal as untimely filed, we do not address her request for judicial notice filed on February 17, 2005. Even were we to grant that request, we would not need to consider those judicially noticed documents because they pertain only to Sharon's substantive contentions on appeal.

## DISPOSITION

The appeal is dismissed. Annette is entitled to costs on appeal.

Benke, Acting P. J., and Nares, J., concurred.

A petition for a rehearing was denied July 22, 2005, and appellant's petition for review by the Supreme Court was denied September 21, 2005. George, C. J., did not participate therein.