Filed 8/27/13  Kim v. Cal. State Personnel Bd. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| RICHARD Y. KIM, | C069305 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201080000421CUWMGDS) |
| v. | |
| CALIFORNIA STATE PERSONNEL BOARD, | |
| Defendant and Respondent; | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Real Party in Interest and Respondent. | |

During his probationary period, plaintiff Richard Y. Kim was rejected from his position as a dentist employed by real party in interest Department of Corrections and Rehabilitation (Department) at Kern Valley State Prison, a maximum security prison. The rejection was upheld by defendant State Personnel Board (Board).

1

Plaintiff filed a petition for rehearing with the Board, which was denied. Next, plaintiff filed a petition for writ of administrative mandate with the trial court seeking a peremptory writ ordering the Board to reverse its decision and reinstate him to his position with full back pay and benefits. The trial court denied plaintiff's writ petition, as well as his motion for new trial and renewed motion for new trial that followed.

Plaintiff appeals the denial of his writ petition, his motion for new trial, and his renewed motion for new trial. As we will explain, because plaintiff's notice of appeal was not timely filed, we must dismiss the appeal.

PROCEDURAL BACKGROUND

On February 8, 2011, the trial court issued an order denying plaintiff's writ petition. The order directs counsel for real party in interest "to prepare a formal judgment consistent with this ruling, submit it to opposing counsel for approval as to form; and thereafter submit it to the Court for signature and entry of judgment."

On February 18, 2011, plaintiff filed a motion for new trial.

On April 14, 2011, the trial court issued a tentative ruling denying the motion. The tentative ruling included the following language: "In the event that this tentative ruling becomes the final ruling of the Court, this minute order shall be effective immediately. No formal order pursuant to [California Rules of Court, rule 3.1312] or further notice shall be required."

On April 15, 2011, the court heard argument on the tentative ruling and took the matter under submission.

On April 25, 2011, the court issued an order affirming its tentative ruling denying plaintiff's motion for new trial.

On May 4, 2011, plaintiff filed a renewed motion for new trial.

On June 30, 2011, the court issued its tentative ruling denying plaintiff's renewed motion for new trial. The tentative ruling included the following language: "In the event

2

that this tentative ruling becomes the final ruling of the Court, this minute order shall be effective immediately.  No formal order pursuant to [California Rules of Court, rule 3.1312] or further notice shall be required."

On July 1, 2011, the court heard oral argument on its tentative ruling and took the matter under submission.

On July 5, 2011, the court issued an order confirming its tentative ruling denying plaintiff's renewed motion for new trial.

On July 7, 2011, plaintiff sent a letter to the trial court stating, in part, as follows: "I recently saw your ruling on my motion on internet.  [¶]  Now, I want to appeal the case to higher court.  However, your ruling may not be appealable, and I may need appealable order or judgment.  [¶]  I do not want to miss my opportunity and time to appeal.  [¶] Please, send the appealable order or judgment about this case as soon as possible." (Bolding omitted.)

On July 27, 2011, the Department sent a letter to the clerk of the trial court enclosing a proposed order denying the renewed motion for new trial for the court's review and execution.  The letter also enclosed plaintiff's objections and request for changes to the proposed order.

On August 1, 2011, the court issued a formal order denying plaintiff's renewed motion for new trial.  The order includes the following language:  "The Ruling After Hearing is the Court's Final Ruling and is attached hereto."  Attached to the order is a copy of the court's order previously issued on July 5, 2011.

On September 23, 2011, plaintiff filed a notice of appeal of "[the] August 1, 2011 Order Denying Petitioner's Renewed Motion for New Trial (and Denying Petitioner's Motion for New Trial and Denying Petitioner's [Petition] for Writ of Mandate)."

3

Rule 8.104 of the California Rules of Court (further references to rules are to the California Rules of Court) provides that, "[u]nless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of:  (1) [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment."  (Rule 8.104(a).)

As used in rule 8.108, " 'judgment' includes an appealable order if the appeal is from an appealable order."  (Rule 8.104(e).)

The filing of a motion for new trial extends the time of appeal.  (Rule 8.108(b).) "If the motion for a new trial is denied, the time to appeal from the judgment is extended for all parties until the earliest of:  [¶] (A) 30 days after the superior court clerk . . . serves an order denying the motion or a notice of entry of that order."  (Rule 8.108(b).)

"Jurisdiction depends expressly upon the timely filing of [a notice of appeal]. Whatever may be the conduct of one party toward another the reviewing court is without jurisdiction unless the filing of notice of appeal is done within the time required by the statute."  (*Kientz v. Harris* (1953) 117 Cal.App.2d 787, 791-792; see also *Estate of Hanley* (1943) 23 Cal.2d 120, 122 [time requirement for taking appeal is mandatory; court is without jurisdiction to consider appeal taken subsequent to expiration of statutory period].)

Here, plaintiff failed to file his notice of appeal within the allotted time period. The trial court entered its order denying plaintiff's writ petition on February 8, 2011. Plaintiff filed his motion for new trial 10 days later.  The court entered its order denying

4

the motion for new trial on April 25, 2011, and the court clerk served the order on the parties that same day. Pursuant to the language contained in the tentative ruling, the court's order became the final ruling with no formal order or further notice required.

According to rule 8.108(b)(1), plaintiff's time to appeal the denial of his writ petition was extended by the filing of his motion for new trial. As such, the notice of appeal must have been filed no later than 30 days after April 25, 2011, the date of service of the order denying the new trial motion. Plaintiff filed his notice of appeal on September 23, 2011, well after the time to appeal had expired.

Plaintiff argues there was no appealable order or final judgment from which to appeal. He is wrong. That a formal judgment was not approved as to form by plaintiff, signed by the court, and entered into the court's records is of no moment, given that the order as entered was a final, appealable order. The trial court's order denying the writ petition was, by its own terms and according to the language in the tentative ruling, a final order. (Rule 8.104(c)(2) & (e); *Planning & Conservation League v. Dep't of Water Res.* (1998) 17 Cal.4th 264, 270 ["judgment" in a statute relating to appeals may be construed to include appealable order]; *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1606 ["an 'order' which is the final determination in the action is the judgment"].)

Plaintiff argues further that the trial court and the Department refused to provide a final appealable order after denial of his renewed motion for new trial. Plaintiff's argument is misplaced. The renewed motion for new trial was, as the trial court found, nothing more than a motion for reconsideration of the ruling on the motion for new trial. "[O]rders denying motions for reconsideration are *not* appealable." (*Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1458.) Thus, the order denying the renewed motion for new trial is not appealable, nor does it extend the time to appeal the denial of the writ petition.

The trial court's order denying plaintiff's writ petition was the final, appealable order. Plaintiff's motion for new trial extended the time for appeal. (Rule 8.108(b).)

5

The court's order denying the new trial motion, while not itself appealable (*Rodriguez v. Barnett* (1959) 52 Cal.2d 154, 156), triggered the 30-day deadline for filing the notice of appeal. (Rule 8.108(b)(1)(A).) Plaintiff's appeal must therefore have been filed no later than May 25, 2011. It was not. "It follows that the notice of appeal, not having been filed within thirty days after the denial of the motion for a new trial, was filed too late and was not within any extension of time permitted by the statutes or by the rules. The appeal must, therefore, be dismissed." (*Gillies v. Brent* (1946) 73 Cal.App.2d 585, 587-588.)

DISPOSITION

Plaintiff's appeal is dismissed. Real party in interest shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


                                                       HULL                , Acting P. J.


We concur:


    ROBIE           , J.


    BUTZ           , J.