Filed 12/30/15  Peterson v. Perry CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RALPH PETERSON,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ROD PERRY, et al.,<br><br>        Defendants and Respondents. | A140327<br><br>(Alameda County<br>Super. Ct. No. RG12656812) |

Plaintiff Ralph Peterson, M.D. (Dr. Peterson) is a medical doctor who had hospital privileges at Alta Bates Summit Medical Center (Alta Bates).  Facing possible suspension of his privileges, Dr. Peterson resigned from the medical staff of Alta Bates on April 6, 2009.  On November 19, 2012 Dr. Peterson filed a complaint against Rod Perry, M.D. and Neil Stollman, M.D. (when referred to collectively, defendants) who, he claimed had engaged in misconduct leading him to resign.

Defendants filed a motion to strike pursuant to Code of Civil Procedure, section 425.16 (anti-SLAPP motion).  By order entered May 9, 2013, the trial court granted the anti-SLAPP motion, which order said Dr. Peterson's "Complaint is HEREBY DISMISSED."

Defendants thereafter moved for attorney fees.  On September 12, 2013 the trial court entered a "Judgment of Dismissal," which provided in its entirety as follows:

"This Court having granted the special motion to strike pursuant to Code of Civil Procedure §425.16 of Defendants ROD PERRY, M.D. and NEIL STOLLMAN, M.D. ("Defendants") and having entered its ORDER GRANTING DEFENDANTS' MOTION

1

TO STRIKE on May 9, 2013, and having granted, in part, Defendants' motion for award of attorneys' fees and costs and having entered its ORDER GRANTING MOTION FOR ATTORNEY FEES on August 16, 2013, now enters judgment as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Complaint of Plaintiff RALPH PETERSON, M.D. in this action is dismissed with prejudice, that Plaintiff RALPH PETERSON shall take nothing from Defendants, and that Defendants shall recover from Plaintiff RALPH PETERSON their attorney fees and costs of suit in the amount of $33,327.64."

On November 22, 2013 Dr. Peterson filed a notice of appeal, stating that he was appealing from the judgment and order entered "09/24/13." Dr. Peterson's opening brief contends that granting the anti-SLAPP motion was wrong, both procedurally and substantively, his brief attacking only the original order granting the anti-SLAPP motion. Defendants' respondents' brief first argues that Dr. Peterson's notice of appeal was not timely, and his appeal should be dismissed. We agree, and we dismiss the appeal.

## BACKGROUND

### The Facts

Dr. Peterson is a medical doctor, whose practice focused on gastroenterology. He became a member of the medical staff at Alta Bates in 1982.

On February 1, 2007 Dr. Stollman became Chief of the Gastroenterology Service within the Department of Medicine at Alta Bates. In late 2008 or early 2009 Dr. Stollman reviewed several incident reports raising concerns about Dr. Peterson's treatment of patients, particularly as to the adequacy of coverage for them. On February 12, 2009, Dr. Stollman, along with Dr. Perry, Chairman of the Department of Medicine, met with Dr. Peterson to discuss various concerns. Shortly after that meeting, Dr. Perry sent Dr. Peterson a letter reminding him of the need to arrange coverage for his practice, and requiring that by the end of March he submit a plan to ensure such coverage.

Meanwhile, other incidents occurred, including one where Dr. Peterson expressly refused Dr. Perry's request to come to the hospital to treat a patient experiencing an urgent gastroenterological problem.

Dr. Perry conferred with Philip Rich, M.D. (Dr. Rich), President of the Alta Bates Medical Staff, following which Dr. Rich wrote Dr. Peterson on March 26. Dr. Rich's letter set forth various concerns, and concluded with a request that Dr. Peterson (1) stipulate to a suspension of his clinical privileges pending his making appropriate arrangements for coverage for his practice, and (2) provide a "clear and unqualified commitment" to timely and appropriately attend to his patients. The letter asked that Dr. Peterson respond within "48 hours" of receipt of the letter.

Dr. Peterson did not reply, and by letter of April 1 Dr. Rich wrote Dr. Peterson, which letter provided in pertinent part as follows:

"Please be advised that, effective immediately, your clinical privileges at the Summit Campus of Alta Bates Summit Medical Center are summarily suspended. . . . The basis for this action is that, by your lack of coverage and refusal to provide care to your patients who are hospitalized, you are exposing your patients to an imminent threat of harm. The issues were explained in more detail in my March 26th letter.

"The Medical Executive Committee ('MEC') will convene to consider this matter on the evening of Monday, April 6, 2009, in Annex A. You are required to appear."

Dr. Peterson's response was an April 6 letter to Dr. Rich, which provided in its entirety as follows: "I am resigning from the Medical Staff effective 04-06-09 at 5:30 p.m. due to inability to secure coverage."

### The Proceedings Below

On November 19, 2012, representing himself, Dr. Peterson filed a complaint for damages against Drs. Perry and Stollman. It alleged six causes of action: (1) tortious/wrongful interference in a business relationship, (2) unlawful and unfair business practices, (3) libel, (4) slander, (5) defamation, and (6) intentional infliction of emotional distress. The complaint sought general, special, and punitive damages.

On January 28, 2013 defendants filed an anti-SLAPP motion, set for hearing on May 9. The essence of the motion was that the complained-of conduct was protected activity based on hospital peer reviews, an "official proceeding authorized by law . . . ." (*Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 200.) And,

3

the motion contended, Dr. Peterson could not demonstrate a probability of success on the merits for several reasons, including that (1) five of the six (all but the second) causes of action were time-barred; (2) defendants were immune from liability under the Civil Code; (3) the claims for libel, slander, and defamation involved absolutely privileged communications; and (4) all claims were factually unsupported.

On April 29, still representing himself, Dr. Peterson filed his opposition. On May 2, defendants filed their reply.

On May 8, the trial court published its tentative ruling granting the motion. The tentative ruling was published in accordance with the Superior Court of Alameda County Local Rules, which incorporated the procedure outlined in California Rules of Court, rule 3.1308(a)(1), to provide that the tentative ruling would "automatically become the final order of the court" unless a party notified the trial court and opposing parties by the afternoon the court day before the hearing that the party intended to appear to contest the tentative ruling.

Dr. Peterson did not contest the tentative ruling. What he did was file a request for dismissal (dismissal), filed, according to the time stamp on the file-marked copy, at 2:14 p.m. This was after the tentative ruling, which had been published that morning.

On May 9 the trial court entered a minute order, and that same day, an order, titled "Motion to Strike Granted." The order began:

"The tentative ruling is affirmed as follows: The Special Motion of Defendants Rod Perry, M.D. and Neil Stollman, M.D. to Strike Pursuant to Code of Civil Procedure Section 425.16 is GRANTED." Then, after paragraphs of analysis explaining the basis for the holding, the order said "The Complaint is HEREBY DISMISSED." The order was served on the parties on May 10.

On May 24 defendants brought a motion for attorney fees, to which they were entitled under the anti-SLAPP statute (fee motion). The fee motion was set for hearing on July 18.

4

On July 10, Dr. Peterson filed his opposition to the fee motion and, along with it, an ex parte request to set aside the order granting the anti-SLAPP motion. The essence of both pleadings was based on his having filed the dismissal.

The trial court denied without prejudice Dr. Peterson's ex parte application to set aside the anti-SLAPP ruling, inviting him to file a noticed motion. On July 18, the day set for the hearing on the fee motion, Dr. Peterson filed a "Notice of Intent to File a Noticed Motion" and asked that the hearing on the fee motion be continued because of unspecified "medical matters."

The fee motion proceeded as scheduled, and by order dated August 16 the trial court granted the motion, though not in the amount requested. As pertinent here, the order rejected Dr. Peterson's claim that the case had been dismissed without prejudice before the trial court granted the special motion to strike. To the contrary, the court held the tentative ruling had cut off Peterson's right to request dismissal because it constituted a " 'public and formal indication' by the court regarding the legal merits of [Peterson's] case." Moreover, even if the request for dismissal had been timely, the trial court would have retained jurisdiction to award fees and costs. Thus finding defendants to be prevailing parties, the trial court awarded a portion of their requested attorney fees.

On September 12, the trial court filed a "Judgment of Dismissal." That judgment was prepared by counsel for defendants, and as quoted above, provided in its essence as follows:

"This Court having granted the special motion to strike pursuant to Code of Civil Procedure §425.16 . . . and having entered its ORDER GRANTING DEFENDANTS' MOTION TO STRIKE on May 9, 2013, and having granted, in part, Defendants' motion for award of attorneys' fees and costs and having entered its ORDER GRANTING MOTION FOR ATTORNEY FEES on August 16, 2013, now enters judgment as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Complaint of Plaintiff RALPH PETERSON, M.D. in this action is dismissed with prejudice, that Plaintiff RALPH PETERSON shall take noting from Defendants, and that Defendants

5

shall recover from Plaintiff RALPH PETERSON their attorney fees and costs of suit in the amount of $33,327.64."

On November 22, 2013 Dr. Peterson filed his notice of appeal.

## DISCUSSION

On September 12, 2014, still representing himself, Dr. Peterson filed his opening brief in this court. The "Statement of Appealability" represented the following: "The Judgment of Dismissal of Appellant's action with prejudice was filed on September 12, 2013. CT 233. Notice of the Entry of Judgment of Dismissal was filed and served on Appellant on September 24, 213 [*sic*]. CT 237. A timely Notice of Appeal was filed on November 22, 2013. CT 241."

The first argument in defendants' respondents' brief contended that Dr. Peterson's appeal was untimely.

Now represented by counsel, Dr. Peterson's reply brief responded to defendants' claim of untimeliness in all of 11 lines, as follows:

"In Respondents' Brief, they argue that Appellant's appeal of the motion to strike is not timely; therefore, this Court lacks jurisdiction to review Appellant's appeal. [Citation.] The Judgment of Dismissal of Appellant's action with prejudice was filed on September 12, 2013. [Citation.] Notice of the Entry of Judgment of Dismissal was filed and served on Appellant on September 24, 2013. [Citation.] A timely Notice of Appeal was filed on November 22, 2013. [Citations.] Thus, this Court possesses jurisdictional authority to rule on Appellant's appeal of the judgment dismissing Appellant's case after granting the anti-SLAPP motion."

Dr. Peterson is wrong.

An order granting an anti-SLAPP motion to strike is appealable. (Code Civ. Proc., §§ 425.16, subd. (i), 904.1, subd. (a)(13); *Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 906.) And appealable orders include a minute order such as that here, which minute order did not expressly require a written order. That being the case, the order is "entered" on the date of its entry in the minutes. (Cal. Rules of Court, rule 8.104(c)(2); *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1248. So, on that date it was

6

appealable.  (*Walton v. Mueller* (2009) 180 Cal.App.4th 161, 167.)  A fortiori here, where the court entered an actual order that day.

The next question is what time limits Dr. Peterson had to appeal that order.  The answer is in California Rules of Court, rule 8.104 (a), which gives three possible deadlines: (1) 60 days after notice of entry by a party; (2) 60 days after the clerk's notice of entry; and (3) 180 days after entry.  One hundred eighty days is the absolute outside limit.  (See *Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 288; *Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1458 [180-day period applied where record did not contain document showing when, or if, notice of entry or file-stamped copy of order was mailed by court clerk]).  Here, as noted, the order was served.

Passing over the possibility that the clerk's mailing of the May 9 order on May 10 began the appeal period, the outside time to appeal was November 5, 180 days from May 9.  Dr. Peterson did not file his notice of appeal until November 22.  It was late.

The leading appellate treatise explains this well in the context of anti-SLAPP:

"[2: 135.11]  Order *granting* motion not reviewable on appeal from subsequent judgment:  An order granting an anti-SLAPP motion is *not* independently reviewable on appeal from a subsequent judgment of dismissal.  Review of the order requires a timely appeal from the order itself.  [*Maughan v. Google Technology, Inc.* (2006) 143 CA4th 1242, 1246-1247, 49 CR3d 861, 864-865; see *Russell v. Foglio* (2008) 160 CA4th 653, 659-660, 73 CR3d 87, 91-92]

"[2: 135.12]  PRACTICE POINTER:  The safest approach to securing review of the order is to file a timely notice of appeal from the order *and* the judgment, which may require *two* notices of appeal if the order and judgment are not filed simultaneously. [See *Melbostad v. Fisher* (2008) 165 CA4th 987, 997, 81 CR3d 354, 363 (appeal from judgment rendered 11 months after order granting anti-SLAPP dismissal did not 'save' otherwise untimely appeal from anti-SLAPP order)." (Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2015)  ¶¶ 2:135.11 to 2:135.12, p. 2-81, bold type omitted.).

Dr. Peterson could not extend the time to appeal with his post-order ex parte application or his "Notice of Intent to File a Noticed Motion." Although an appeal deadline may be extended by certain motions, such extensions do not stretch the deadline past 180 days from the entry of an appealable order or judgment. (See Cal. Rules of Court, rule 8.108(b)-(e); *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 818 (*Glair*); Eisenberg et al., *supra*, ¶ 3:62, pp. 3-32.).

Finally, Dr. Peterson's claim that the trial court lacked jurisdiction to strike the complaint because he had filed the dismissal is unavailing, the two cases he relies on in support of his position distinguishable. Those cases are *Law Offices of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869 (*Yang*) and *Gogri v. Jack in the Box Inc*. (2008) 166 Cal.App.4th 255 (*Gogri*). As *Yang* described it, there, unlike here, "at the time plaintiff dismissed its complaint without prejudice, the trial court had not made a tentative or definitive ruling on defendants' anti-SLAPP motion . . . ." (*Yang*, *supra*, at p. 878.) *Gogri* was not only not an anti-SLAPP case, but there too the dismissal was before any tentative ruling. (*Gogri*, *supra*, at p. 267.) In short, the dismissal was not timely to make any judgment void.

But even assuming it were, it still would not have excused Dr. Peterson from timely appealing from it. (*Conservatorship of Romo* (1987) 190 Cal.App.3d 279, 283 ["[A]n appealable void judgment . . . is manifestly subject to the timeliness requirement of notices of appeal."].)

" 'The time for appealing . . . is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal.' " (*Annette F. v. Sharon S., supra,* 130 Cal.App.4th 1448, 1454.) This rule applies to all, including those who represent themselves. (See *Glair, supra*, 153 Cal.App.4th at p. 819 [self-represented litigants are not exempted from jurisdictional rules on appeal.].)

Dr. Peterson's appeal is late, and the appeal is dismissed.

_____
Richman, J.

We concur:


_____
Kline, P.J.


_____
Stewart, J.


A140327; *Peterson v. Perry*