[No. G044150. Fourth Dist., Div. Three. Aug. 8, 2011.]

CHARLES ERIC POWELL, Plaintiff and Appellant, v.
COUNTY OF ORANGE et al., Defendants and Respondents.

**COUNSEL**

Ralph E. Harrison II for Plaintiff and Appellant.

Lynberg & Watkins, Norman J. Watkins, S. Frank Harrell and Melissa D. Culp for Defendants and Respondents.

## Opinion

**FYBEL, J.**—

### Introduction

Plaintiff Charles Eric Powell appeals from an order denying his motion for reconsideration. He sought reconsideration of an order denying his motion to set aside an order dismissing the action in the trial court for lack of prosecution. We dismiss the appeal for lack of appellate jurisdiction.

We publish our opinion to emphasize two points. First, we join with those appellate courts holding an order denying a motion for reconsideration is not appealable. Second, an order of dismissal is ineffective as a judgment under Code of Civil Procedure section 581d (section 581d) unless it is in writing, signed by the trial court, and filed. A minute order that is not signed by the trial court does not qualify as a judgment under section 581d.

### Background

In May 2007, Powell filed a complaint against the County of Orange, the Orange County Sheriff, and two Orange County Sheriff's deputies (Defendants), asserting causes of action for civil rights violations, conspiracy to violate civil rights, false arrest, negligence, intentional infliction of emotional distress, violation of the California Constitution, assault and battery, and malicious prosecution. Powell filed a first amended complaint (the Complaint) in July 2007, and Defendants answered the Complaint in September 2007.

In September 2009, the trial court set an order to show cause regarding dismissal for lack of prosecution or failure to proceed. When Powell's counsel did not appear at the hearing on the order to show cause, the trial court issued a minute order dated October 7, 2009, dismissing the action without prejudice for lack of prosecution. The minute order is not signed, and a signed order made pursuant to section 581d does not appear in the clerk's transcript or in the superior court's register of actions.

In April 2010, Powell filed a "Motion to Set Aside Dismissal Judgment" (the set aside motion). The set aside motion was made pursuant to Code of Civil Procedure section 473, subdivision (b) (attorney fault) and included a declaration from Powell's trial counsel stating, "[d]ue to my mistake, inadvertence, surprise, or neglect I did not properly keep track of this case and did not respond to discovery." Defendants opposed the set aside motion.

On May 21, 2010, the same day as the hearing on the set aside motion, Powell filed a substitution of counsel. The trial court denied the set aside motion. A notice of ruling was served on May 24, 2010.

On June 4, 2010, Powell's new trial counsel filed a "Motion to Reconsider Denial of Motion to Set Aside Dismissal and Entry of Judgment; Alternatively to Set Aside the Dismissal of the Action and Judgment" (the Motion for Reconsideration). The Motion for Reconsideration was made pursuant to Code of Civil Procedure sections 473, subdivision (b) and 1008, and asserted the conduct of Powell's former counsel "goes beyond that of those factors set forth in C.C.P. § 473(b) and are more appropriately characterized as positive misconduct." The Motion for Reconsideration included declarations from Powell's trial counsel, former trial counsel, and from Powell himself. Defendants opposed the Motion for Reconsideration.

The trial court denied the Motion for Reconsideration at the hearing on July 2, 2010. The court concluded there were no new facts or law to support the Motion for Reconsideration, the Motion for Reconsideration was untimely, and the conduct of Powell's former counsel did not amount to extrinsic fraud or mistake. A notice of ruling was served on July 2, 2010.

On August 31, 2010, Powell filed a notice of appeal. The notice identifies the order being appealed from as "Denial of Motion for Reconsideration/ Motion to Set Aside Dismissal" entered on July 2, 2010.

## DISCUSSION

## I.

## An Order Denying a Motion for Reconsideration Is Not Appealable.

The first reason for dismissing the appeal is that an order denying a motion for reconsideration is not appealable. We invited Powell to submit additional briefing on the issue whether this appeal should be dismissed for lack of appellate jurisdiction because an order denying a motion for reconsideration is not appealable. In response, Powell submitted a letter brief, which we have considered.

 The majority of courts addressing the issue have concluded an order denying a motion for reconsideration is not appealable, even when based on new facts or law. (*Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1050 [96 Cal.Rptr.3d 690]; *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166 Cal.App.4th 1625, 1633

[83 Cal.Rptr.3d 494]; *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 968 [67 Cal.Rptr.3d 818]; *Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1459 [30 Cal.Rptr.3d 914]; *Reese v. Wal-Mart Stores, Inc.* (1999) 73 Cal.App.4th 1225, 1242 [87 Cal.Rptr.2d 346]; *Crotty v. Trader* (1996) 50 Cal.App.4th 765, 769 [57 Cal.Rptr.2d 818]; *Rojes v. Riverside General Hospital* (1988) 203 Cal.App.3d 1151, 1160–1161 [250 Cal.Rptr. 435], overruled on another ground in *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1605 [275 Cal.Rptr. 887].) "These courts have concluded that orders denying reconsideration are not appealable because 'Section 904.1 of the Code of Civil Procedure does not authorize appeals from such orders, and to hold otherwise would permit, in effect, two appeals for every appealable decision and promote the manipulation of the time allowed for an appeal.' " (*Morton v. Wagner, supra,* 156 Cal.App.4th at p. 968.) We agree and conclude an order denying a motion for reconsideration is not appealable, even when based on new facts or law.

On July 11, 2011, the Governor approved legislation amending Code of Civil Procedure section 1008 to expressly provide an order denying a motion for reconsideration is not appealable. (Legis. Counsel's Dig., Assem. Bill No. 1067 (2011–2012 Reg. Sess.); see Stats. 2011, ch. 78, § 1.) The legislation further amends section 1008 to provide that if the order that was the subject of the motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order. (Legis. Counsel's Dig., Assem. Bill No. 1067 (2011–2012 Reg. Sess.); see Stats. 2011, ch. 78, § 1.) The amendments to section 1008 become effective on January 1, 2012. (Cal. Const., art. IV, § 8, subd. (c)(1) [effective date of new statutes is Jan. 1, following 90 days after enactment].)

 Powell labeled the Motion for Reconsideration alternatively as a motion to set aside the dismissal. The name of a motion is not controlling, and, regardless of the name, a motion asking the trial court to decide the same matter previously ruled on is a motion for reconsideration under Code of Civil Procedure section 1008. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2011) ¶ 9:324.1, p. 9(I)-124 (rev. # 1, 2011).) The Motion for Reconsideration was just that: It asked the trial court to decide again whether to set aside the dismissal judgment. We therefore lack jurisdiction over Powell's appeal.

## II.

### An Unsigned Order of Dismissal Is Not Effective as a
### Judgment Under Section 581d

 The second reason for dismissing the appeal is that a signed order or judgment dismissing the action has not been entered in the trial court. The

trial court dismissed the Complaint for lack of prosecution pursuant to Code of Civil Procedure sections 581, subdivision (b)(4) and 583.410. Section 581d applies to such dismissals. The second paragraph of section 581d states: "All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case." An order that is not signed by the trial court does not qualify as a judgment of dismissal under section 581d. (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 229 [105 Cal.Rptr.3d 683].)

In this case, the trial court's minute order dismissing the Complaint for lack of prosecution is not signed, and a signed order made pursuant to section 581d does not appear in the clerk's transcript or in the superior court's register of actions.

In a letter brief, Defendants acknowledge the trial court did not enter a signed order of dismissal but contend a signed order was unnecessary notwithstanding section 581d. Defendants cite and rely on a number of cases concluding an unsigned minute order of dismissal is effective as a judgment for all purposes. (E.g., *Marks v. Keenan* (1903) 140 Cal. 33, 34 [73 P. 751]; *E. Clemens Horst Co. v. Federal etc. Co.* (1937) 22 Cal.App.2d 548, 550 [71 P.2d 599].) Those cases were decided under a prior version of section 581d permitting a minute order of dismissal. (See *Clinton v. Joshua Hendy Corp.* (1966) 244 Cal.App.2d 183, 185 [52 Cal.Rptr. 875] ["prior to 1963, under section 581d a dismissal in the form of a minute order was proper"].) "A dismissal by order of the court and a nonsuit were formerly granted by oral order entered in the minutes. The statute now requires a written order signed by the court . . . ." (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 52, pp. 588–589.)

 The lack of a written order of dismissal signed by the trial court has two consequences. First, the set aside motion was premature as there is no judgment yet to set aside. Second, in this matter, there is no final judgment that might serve as a basis for appellate jurisdiction.

In *Brehm v. 21st Century Ins. Co.* (2008) 166 Cal.App.4th 1225, 1234, footnote 5 [83 Cal.Rptr.3d 410], the Court of Appeal addressed whether a practice of the Los Angeles Superior Court, whereby the clerk would stamp a minute order dismissing an action with the judge's signature, satisfied the requirements of section 581d. The Court of Appeal concluded the practice "arguably complies with the literal requirements of section 581d" but "does little to further the rationale for requiring final orders of dismissal to be accomplished by written, signed court order rather than by minute order."

(*Brehm*, at p. 1234, fn. 5.) When the *Brehm* court asked the parties, as we did in this case, to address whether a dismissal had been entered that complied with section 581d, the plaintiff obtained a new, nunc pro tunc order of dismissal that had been signed by the trial court and filed two days before oral argument. (*Brehm*, at p. 1234, fn. 5.) Though satisfied that the new order eliminated any question whether there was an appealable order, the *Brehm* court cautioned: "We encourage trial courts to avoid this issue in the future by using a separate written order of dismissal, signed by the court and filed in the action, to conclude a case, rather than relying on a signed or stamped minute order." (*Ibid.*)

Likewise, we urge compliance with section 581d by using signed, written orders of dismissal instead of minute orders.

### DISPOSITION

The appeal is dismissed. Respondents shall recover costs incurred on appeal.

Moore, Acting P. J., and Ikola, J., concurred.