Filed 8/26/14  Moles v. Pyle CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ERMEL R. MOLES et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> EDWIN L. PYLE, <br><br> Defendant and Appellant. | F067378 <br><br> (Super. Ct. No. 12CECG02741) <br><br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Kristi Culver Kapetan, Judge.

Edwin L. Pyle, in pro. per., for Defendant and Appellant.

Campagne, Campagne & Lerner, Thomas E. Campagne and Wiley R. Driskill for Plaintiffs and Respondents.

-ooOoo-

## PROCEDURAL HISTORY

In an earlier action between appellant Edwin L. Pyle and respondents Ermel R. Moles and Ben Rastegar, the superior court rendered a July 15, 2010, judgment in favor of Moles and Rastegar and awarded damages, costs, and attorney's fees. The original abstract of judgment was recorded on July 20, 2010,[1] and a notice of judgment lien was filed on July 29, 2010. Pyle appealed to this court. We affirmed the judgment and awarded Moles and Rastegar costs and attorney's fees. As of March 5, 2013, the outstanding balance, including accrued interest, totaled $224,051.76.

On August 30, 2012, Moles and Rastegar filed a complaint for judicial foreclosure of the judgment lien. Simon and Simarjot Sihota, who had purchased a 40-acre parcel from Pyle on August 4, 2010, and owed him $247,000, filed a cross-complaint for interpleader. On February 19, 2013, Pyle, Moles, Rastegar, and the Sihotas stipulated to the following terms: (1) Pyle would remove the deed of trust on the parcel; (2) Moles and Rastegar would release the judgment lien on the parcel; (3) the Sihotas' $247,000 debt would be interpled; (4) entitlement to the debt would be determined at a March 5, 2013, hearing; and (5) prior to the hearing, Pyle as well as Rastegar and Moles would submit written argument in support of their respective claims. The signed stipulation was entered as a court order. On February 26, 2013, Rastegar and Moles filed a motion for release of the interpled funds and a memorandum of points and authorities. They contended, inter alia, that they were entitled to the funds because the judgment lien attached to the parcel on July 20, 2010, before Pyle sold it to the Sihotas.[2] On February 28, 2013, Pyle filed an answer to the Sihotas' cross-complaint for interpleader, in which he challenged the prior July 15, 2010, judgment.

---

[1]    An amended abstract of judgment was recorded on November 1, 2010.

[2]    In support of their argument, Moles and Rastegar cited *Lezine v. Security Pacific Fin. Services, Inc.* (1996) 14 Cal.4th 56, 64-65, and Code of Civil Procedure sections 697.310 and 697.340.

After the March 5, 2013, hearing, the superior court granted Moles and Rastegar's motion and ordered distribution of $224,051.76 from the interpled funds.  The court found "no opposition to the distribution sought."  On March 14, 2013, Pyle filed a motion to set aside this order.**3**  He again challenged the July 15, 2010, judgment.  On March 19, 2013, following a hearing on the matter, the court denied Pyle's motion.

On May 17, 2013, Pyle filed a notice of appeal, which identified the date of judgment as March 19, 2013.  On July 17, 2013, Moles and Rastegar filed a motion to dismiss.**4**

## DISCUSSION

Pyle appeals from the order denying his motion for reconsideration.**5**  Our threshold concern is whether this order is appealable.  "The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal."  (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.)  "Accordingly, if the order or judgment is not appealable, the appeal must be dismissed."  (*Ibid.*)  The case law has firmly established that orders denying a motion for reconsideration are not appealable.  (See, e.g., *Powell v. County of Orange*, *supra*, 197 Cal.App.4th at p. 1576; *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1050; *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166 Cal.App.4th 1625, 1633; *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 968; *Hughey v. City of Hayward* (1994) 24 Cal.App.4th 206, 210.)  "[T]o hold otherwise would permit, in effect, two

---

**3**  "The name of a motion is not controlling, and, regardless of the name, a motion asking the trial court to decide the same matter previously ruled on is a motion for reconsideration under Code of Civil Procedure section 1008."  (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577; see *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193 ["'The nature of a motion is determined by the nature of the relief sought, not by the label attached to it.'"].)

**4**  The Sihotas have been dismissed from the appeal.

**5**  Pyle does not contest this point.

3.

appeals for every appealable decision and promote the manipulation of the time allowed for an appeal." (*Reese v. Wal-Mart Stores, Inc.* (1999) 73 Cal.App.4th 1225, 1242.) Furthermore, Code of Civil Procedure section 1008, subdivision (g), states that orders denying a motion for reconsideration are not appealable. (Accord, *Powell v. County of Orange*, *supra*, 197 Cal.App.4th at p. 1577.) Because we lack jurisdiction to consider this matter, we dismiss this appeal.

## DISPOSITION

The appeal is dismissed. Costs on appeal are awarded to respondents.

_____

DETJEN, J.

WE CONCUR:

_____

GOMES, Acting P.J.

_____

KANE, J.

4.