Filed 9/22/15  Mack v. CitiMortgage, Inc. CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| KEITH MARTIN MACK,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITIMORTGAGE, INC.,<br><br>    Defendant and Respondent. | 2d Civil No. B260058<br>(Super. Ct. No. 56-2012-00413175-CU-OR-VTA)<br>(Ventura County) |

Keith Martin Mack appeals from an order dismissing his wrongful foreclosure action based on the willful failure to comply with two discovery orders. (Code Civ. Proc., § 2023.030, subd. (d)(3).)[1] Appellant also appeals from an order denying reconsideration of his peremptory challenge to the trial judge (§ 170.6).  We affirm the terminating sanctions order.  The appeal from the order denying reconsideration is dismissed because it is not an appealable order.  (§ 1008, subd. (g).)

*Procedural History*

In 2011, appellant's house was sold at a trustee's sale after appellant defaulted on a $147,000 promissory note secured by a deed of trust.  Appellant sued

---

[1] All statutory references are to the Code of Civil Procedure.

the lender's assignee, CitiMortgage Inc. (CMI), on quiet title, contract, tort, and statutory theories.

On November 14, 2013, CMI served four discovery requests: a request for admissions, a request for production of documents, form interrogatories, and special interrogatories. Appellant failed to respond to the discovery and was mailed a meet and confer letter. On January 10, 2014, appellant served written objections to the request for admissions and request for production of documents.

CMI filed a motion to compel discovery on the form and special interrogatories, and a separate motion to compel further responses on the request for documents and request for admissions. On March 5, 2014, Ventura County Superior Court Judge Vincent O'Neill ordered appellant to respond, without objection, to the discovery by March 25, 2014.

Appellant served written objections but never responded to the discovery. CMI brought a motion for terminating sanctions and a motion to compel further discovery responses. On July 1, 2014, Judge O'Neill granted the motion to compel further discovery responses. Appellant was ordered to respond to the discovery, without objection, by July 21, 2014 and pay $1,755 sanctions.

Appellant again failed to respond to the discovery. On August 21, 2014, CMI filed a motion for terminating sanctions or, in the alternative, evidentiary sanctions. Before the hearing on the motion, appellant filed an affidavit to disqualify Judge O'Neill pursuant to section 170.6. Ventura County Superior Court Judge Frederick Bysshe denied the peremptory challenge because it was untimely.

The motion for terminating sanctions was argued on September 23, 2014. Judge O'Neill granted the motion, finding that appellant willfully failed to comply with the March 5, 2014 and July 1, 2014 discovery orders. Appellant was ordered to pay $1,625 sanctions.

Before the judgment of dismissal was entered, appellant filed a motion for reconsideration on his section 170.6. affidavit to disqualify Judge O'Neill. (§

2

1008.)  Denying the motion, Judge Bysshe found that the peremptory challenge was untimely because Judge O'Neill made a number of rulings in the case dating back to June 2013.

*Motion for Reconsideration*

It is settled that an order denying a motion for reconsideration is not appealable, even when based on new facts or law.  (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576-1577.)  "[I]f the underlying order that was the subject of reconsideration is appealable, the denial of reconsideration is reviewable as part of the appeal from that underlying order."  (§ 1008  subd. (g); *Young v. Tri-City Healthcare Dist.* (2012) 210 Cal.App.4th 35, 51.)  Here the order denying appellant's peremptory challenge is non-appealable.  Although the order may be reviewed by writ of mandate (§ 170.3, subd. (d)), the 10-day time period to seek writ review has come and gone.  (*People v. Hull* (1991) 1 Cal.4th 266, 268; *People v. Panah* (2005) 35 Cal.4th 395, 444.)

Appellant argues that he was denied the due process right to an impartial trial judge.  To prevail on the claim, appellant must show actual bias which is absent here.  (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 219.)  None of Judge O'Neill's or Judge Bysshe's rulings reflect actual or personal bias.  The record shows that the peremptory challenge was filed two years after the case was assigned to Judge O'Neill's courtroom.  (See e.g., *National Financial Lending, LLC v. Superior Court* (2013) 222 Cal.App.4th 262, 270 [section 170.6 disqualification affidavit must be filed within 15 days of civil assignment to all purpose trial judge or before judge rules on a contested fact].)  Judge O'Neill ruled on a motion to set aside a default, a demurrer, a motion to strike, a motion for judgment on the pleadings, discovery motions, and a motion to continue trial before appellant filed the section 170.6 peremptory challenge.  "The mere fact that the trial court issued rulings adverse to [appellant] on several matters in this case, even assuming one or more of those rulings were erroneous, does not indicate an

appearance of bias, much less demonstrate actual bias. [Citation.]" (*Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674.) Appellant makes no showing that he was denied due process or that the order denying reconsideration is appealable.

*Terminating Sanctions Order*

With respect to the termination order, the trial court possesses broad discretion in imposing discovery sanctions. (*Do It Urself Moving & Storage, Inc. v. Brown, Leifer, Slatkin & Berns* (1992) 7 Cal.App.4th 27, 36.) Appellant must show that the order is arbitrary or capricious and resulted in a miscarriage of justice. (*Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 878.)

Appellant willfully failed to comply with the discovery orders after monetary sanctions were imposed and he was granted more than six months to respond to the discovery. " '[A] persistent refusal to comply with an order for the production of evidence is tantamount to an admission that the disobedient party really has no meritorious claim. . . .' [Citation.]" (*Juarez v. Boy Scouts of America, Inc.* (2000) 81 Cal.App.4th 377, 390.) Where the discovery violation is willful, preceded by a history of discovery abuse, and the evidence shows that less sanctions will not produce compliance with the disclosure rules, the trial court is justified in ordering terminating sanctions. (*R.S. Creative, Inc. v. Creative Cotton, Ltd.* (1999) 75 Cal.App.4th 486, 496-498; *Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279-280.)

Appellant argues that dismissal of the action violates his due process rights. Appellant, however, was repeatedly warned that his complaint would be dismissed if he did not respond to the discovery. As a civil litigant, appellant had no due process right to thwart discovery or disregard the court's discovery orders. "The purpose of the discovery rules is to 'enhance the truth-seeking function of the litigation process and eliminate trial strategies that focus on gamesmanship and

4

surprise.'  [Citation.]"  (*Juarez v. Boy Scouts of America, Inc., supra,* 81 Cal.App.4th 377, 389.)

The judgment (terminating sanctions order) is affirmed.  The appeal from the order denying reconsideration is dismissed because it is not an appealable order.  (§ 1008, subd. (g).)  CMI is awarded costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.


5

Vincent O'Neill, Judge

Superior Court County of Ventura

_____

Keith Martin Mack, in pro per, Plaintiff and Appellant.

Andrew A. Bao, Meagan S. Tom, Carrie Afton Stringham; Wolfe & Wyman, for Defendant and Respondent.