Filed 11/18/20  Golzarifar v. Google LLC CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| FRED H. GOLZARIFAR,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant and Respondent. | B301134<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV11588) |

APPEAL from an order of the Superior Court of Los Angeles County, Dennis J. Landin, Judge. Dismissed.

Fred H. Golzarifar, in pro per., for Plaintiff and Appellant.

Wilson Sonsini Goodrich & Rosati, David H. Kramer and Kelly M. Knoll for Defendant and Respondent.

—————————————

In his operative pleading, appellant Fred H. Golzarifar, who is in propria persona, sued Google LLC (Google) seeking a minimum of $50 million in damages for unspecified privacy violations by defendant Google.  We dismiss the appeal because Golzarifar has not appealed from an appealable order or judgment.

## BACKGROUND

1.    *Golzarifar's First Amended Complaint*

Golzarifar's operative pleading—his first amended complaint—claims emotional distress and invasion of privacy.[1] That complaint is on a Judicial Council form for personal injury claims.  Besides citing to state and federal statutes and the United States Constitution, the only allegations in his complaint are:

"1.  Emotional Distress; include [*sic*] (but not limited to) pain, suffering, inconvenience, mental stress or suffering, emotional distress, loss of society and companionship, loss of consortium, injury to reputation and humiliation."

"2.  Invasion of Privacy[.]"  The first amended complaint has no allegations referencing Google or any Google service.

---

[1] His original complaint contained claims for emotional distress and "privacy infractions (Invasion of Privacy)" in which he alleged these causes of action were "caused by tracking surveillance, transparency and visual practices by Google services . . . ."  Google filed a demurrer arguing inter alia the complaint was so uncertain that Google could not discern of what misconduct it was being accused.  Golzarifar opposed the demurrer and then filed his first amended complaint.

Golzarifar requests damages of at least $50 million, and attached a statement of damages seeking $2 million for each of pain and suffering and emotional distress; $1 million for "Invasion of Privacy/Privacy Violation"; and $4 million in punitive damages. He also checked the "Other" box but did not designate any dollar amount for that category of claimed damages.

Two days before Google's timely demurrer, Golzarifar filed an "affidavit for entry of default" requesting a default judgment in his favor.[2] (Capitalization omitted.)

## 2. *Google Demurred to the First Amended Complaint and Golzarifar Opposed the Demurrer*

Google demurred to the first amended complaint contending, among other things, that the first amended complaint does not state facts sufficient to constitute a cause of action and that it is uncertain. Golzarifar did not include Google's memorandum of points and authorities in support of the demurrer in the appellate record. Golzarifar opposed the demurrer, which is in the record. In his opposition, Golzarifar stated he suffered stress and anxiety and provided Internet links to various Google "consumer services." Golzarifar also cited to several statutes, but failed to tether any of them to the allegations in the first amended complaint. In his opposition to Google's demurrer, Golzarifar requested that the trial court enter a default judgment in his favor.

---

[2] The record shows that Google's demurrer was filed within 30 days of service of the amended complaint. It was thus timely under Code of Civil Procedure section 471.5, subdivision (a).

### 3.    *The Trial Court Sustained the Demurrer*

The trial court sustained Google's demurrer to the first amended complaint without leave to amend.  There are two orders sustaining the demurrer.  In an unsigned minute order, the trial court sustained the demurrer without leave to amend and ordered the lawsuit dismissed without prejudice.

In the signed order, the trial court explained:  The first amended complaint "is utterly devoid of any legal theories or factual basis for his claims.  Plaintiff fails to identify or describe any factual allegations to show why Defendant is liable to Plaintiff for 'emotional distress and invasion of privacy.' [Citation.]  Plaintiff's FAC is simply uncertain, ambiguous, and unintelligible."  In its conclusion, the court stated, "Defendant's demurrer to Plaintiff's FAC is SUSTAINED WITHOUT LEAVE TO AMEND."  The signed order did not dismiss the case.  The trial court then vacated the hearing on Golzarifar's request to enter a default judgment.

### 4.    *The Trial Court Denies Golzarifar's Motion for Reconsideration*

Golzarifar then filed a motion for reconsideration, stylized as "motion for reconsideration/and request to vacate dismissal, judgment/order."  (Boldface & capitalization omitted.)  Golzarifar stated that he "files this MOTION TO RECONSIDER/MOTION TO VACATE JUDGMENT, ORDER or DISMISSAL . . . based upon new and different facts, circumstances, or law . . . ."  Golzarifar, however, identified no new or different facts, circumstances, or laws.  Instead, Golzarifar provided various links to Google's products and services and identified other lawsuits against Google.

4

The following is the entirety of Golzarifar's declaration in support of his motion for reconsideration: "On April 3, 2019, Plaintiff Fred H. Golzarifar filed a complaint and summons against Defendant 'Google Inc.' The defendant has been served with copy of documents on April 9, 2019. A response to Summons and Complaint was due on May 9, 2019.

"On May 9, 2019, Defendant 'Google LLC' filed a demurrer to Plaintiff's original complaint along with Notice of Motion on date June 12, 2019,

"On May 20, 2019, Plaintiff filed his First Amended Complaint. Defendant has filed a demurrer to First Amended Complaint on June 19, 2019. On June 28, 2019 Plaintiff filed an opposition to Defendant's Demurrer to Plaintiff's First Amended Complaint. On July 23, 2019 at the hearing of Defendant's Demurrer, Judge Dennis J. Landin Susitained [*sic*] Defendant's Demurer without leave to amend and therefore dismissed the case.

"Plaintiff hereby Requests that the court to reconsider and to vacate the judgment/order for and vacate dismissal upon new facts and causes of actions stated, along with this Declaration and Notice of Motion."

After taking it under submission, the trial court denied Golzarifar's motion for reconsideration. The court stated "Plaintiff fail[ed] to present any 'new or different facts, circumstances, or law' that could provide a basis for reaching a determination different from the one this Court reached . . . ." "It remains unchanged that Plaintiff's three-sentence Complaint is utterly devoid of any legal theories or factual basis for his claims. Disagreement with a ruling is not a new fact that will support the granting of a motion for reconsideration." Finally,

5

regarding Golzarifar's request for leave to file a second amended complaint, the trial court wrote that a motion for reconsideration was not a "proper vehicle" for that request, and stated it had already sustained Google's demurrer without leave to amend "because there was no showing of reasonable possibility of cure by amendment."

5.      *Golzarifar's Appeal*

Golzarifar filed a notice of appeal on September 16, 2019. In his notice of appeal, Golzarifar states that he is appealing from an order entered on September 5, 2019. The September 5, 2019 order memorializes the trial court's denial of Golzarifar's motion for reconsideration. Golzarifar further stated that he was appealing from the "Motion for Reconsideration, Motion to Vacate Dismissal, Judgment/Order," which was the title of his motion for reconsideration. (Boldface omitted.)

Thus, the only order referenced in the notice of appeal is the denial of Golzarifar's motion for reconsideration. Golzarifar did not check the box indicating that he was appealing from a "[j]udgment of dismissal after an order sustaining a demurrer." In his brief on appeal, Golzarifar states: "This appeal is from the judgment of the Los Angeles County Superior Court and is authorized by the Code of Civil Procedure, section 904.1, subdivision (a)(1)." [3] The notice of appeal nowhere references a judgment other than in the title of Golzarifar's motion for reconsideration.

---

[3] Code of Civil Procedure section 904.1, subdivision (a)(1) provides in pertinent part: "(a) An appeal . . . may be taken from any of the following: [¶] (1) From a judgment . . . ."

6

## DISCUSSION

### A.  Golzarifar Identifies No Appealable Order or Judgment

Our direct appellate jurisdiction is limited to appealable judgments and orders.  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)  Absent a request for judicial notice, which plaintiff has not made here, we cannot consider a fact not supported by the record.  (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102.)  The only order referenced in Golzarifar's notice of appeal is the order dated September 5, 2019 denying his motion for reconsideration.  An order denying a motion for reconsideration is not a separately appealable order. (Code Civ. Proc., § 1008, subd. (g).)[4]  As explained below, Golzarifar's notice of appeal designates only a nonappealable order.  (*Uber Technologies, Inc. v. Google LLC* (2018) 27 Cal.App.5th 953, 959 [" '[I]f the order or judgment is not appealable, the appeal must be dismissed.' "].)

In his opening brief, Golzarifar abandons any purported appeal from the order denying his motion for reconsideration. Golzarifar states:  "This appeal is from the judgment of the Los Angeles County Superior Court and is authorized by the Code of Civil Procedure, section 904.1, subdivision (a)(1).)"

---

[4]  Code of Civil Procedure section 1008, subdivision (g) provides:  "An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."  There is no such other order in the record.

Golzarifar's new-found assertion that he is appealing from a judgment does not rescue his appeal. First, the notice of appeal defines the scope of the appeal. (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967; see Cal. Rules of Court, rule 8.100(a)(2).) Even construing Golzarifar's notice of appeal liberally, it did not encompass a "[j]udgment of dismissal after an order sustaining a demurrer" because Golzarifar neither checked the box with that description or otherwise identified a judgment. Golzarifar referenced only his motion for reconsideration, identifying it by the title he gave it in the trial court.

Second, Golzarifar cites to no judgment, and the record on appeal does not contain or reference one. Although the record contains a signed order sustaining a demurrer, that order does not dismiss the lawsuit as Code of Civil Procedure section 581d requires for that order to constitute a judgment. (Code Civ. Proc., § 581d ["All dismissals ordered by the court shall be in the form of a written order *signed by the court* and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case, " italics added; see also *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1578–1579 [an unsigned order of dismissal is not effective as a judgment].) Therefore, there is no judgment for our review, and we dismiss Golzarifar's appeal. (*Uber Technologies, Inc. v. Google LLC, supra*, 27 Cal.App.5th at p. 959.)

Finally, Golzarifar does not purport to appeal from the order sustaining the demurrer. Even if he did, such an order would not be appealable. (*Singhania v. Uttarwar* (2006) 136 Cal.App.4th 416, 425.)

8

**B.     Golzarifar Does Not State A Cause of Action in His First Amended Complaint**

We recognize that Golzarifar can return to the trial court to request a judgment, and that we might then be presented with a judgment.  Such an appeal, however, would be futile given the utter absence of factual allegations in the first amended complaint and Golzarifar's demonstrated inability to amend his pleading to state a viable cause of action.  In the interests of judicial economy, we thus turn briefly to the merits of the demurrer.

" 'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.  [Citation.]  Where the demurrer was sustained without leave to amend, we consider whether the plaintiff could cure the defect by an amendment.' [Citations.]  When evaluating the complaint, 'we assume the truth of the allegations.'  [Citations.] . . . [¶] A trial court abuses its discretion by sustaining a demurrer without leave to amend where ' "there is a reasonable possibility that the defect can be cured by amendment." ' " (*Heshejin v. Rostami* (2020) 54 Cal.App.5th 984, 992.)  " ' "The plaintiff has the burden of proving that [an] amendment would cure the legal defect, and may [even] meet this burden [for the first time] on appeal." ' " (*Ibid.*)

Importantly, "plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43; Code Civ. Proc., § 425.10, subd. (a)(1).)  Even assuming arguendo his claim for emotional distress damages could be construed as a tort claim for infliction of

9

emotional distress, Golzarifar fails to allege facts that would support the elements of that cause of action.  Golzarifar, moreover, fails to identify what wrongdoing Google did that caused his purported emotional distress.  As such, his claim of "emotional distress" fails to state a cause of action and is fatally uncertain.

As for his second cause of action, the only allegation Golzarifar makes is naming his second cause of action "invasion of privacy."  Golzarifar alleges *no* facts in support of that cause of action.  He thus fails to provide the required "statement of the facts constituting the cause of action, in ordinary and concise language."  (Code Civ. Proc., § 425.10, subd. (a)(1).)

Golzarifar has not shown a "reasonable possibility" that he can cure these defects in the first amended complaint.  (*Smyth v. Berman* (2019) 31 Cal.App.5th 183, 191.)  Golzarifar has had two chances to file a viable complaint and has been on notice of the deficiencies in his original complaint when defendant first demurred to that pleading.  Still, his second complaint—the one before us—is arguably even more uncertain than his original complaint.  Golzarifar states that a "new amendment complaint shall also state new causes of actions and other facts" but proffers *no* facts to rescue his causes of action from the depths of uncertainty.  "Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend."[5]  (*Rakestraw v. California*

---

[5] We also observe that the statutes Golzarifar alleges in the first amended complaint appear random with no apparent connection to his causes of action or to any conduct by Google

10

*Physicians' Service, supra*, 81 Cal.App.4th at p. 44.) The trial court did not err in sustaining Google's demurrer without leave to amend.

Finally, in his opening brief, Golzarifar references his requests for a default judgment. It appears that Golzarifar is attempting to argue that the trial court should have entered a default judgment in his favor before ever ruling on Google's demurrer. This argument does not rescue his appeal either. As respondent points out, "a default judgment cannot properly be based on a complaint which fails to state a cause of action . . . ." (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 829.) In sum, Golzarifar has failed to state a cause of action and to show that the trial court erred in denying his motion for reconsideration. On appeal, he also fails to show that he could amend the first amended complaint to allege facts supporting a viable cause of action.

---

given the absence of any reference to Google in the factual allegations. For example, he cites to Penal Code section 637.5, prohibiting certain acts by owners of cable and satellite television corporations and Penal Code section 647, regarding disorderly conduct, including soliciting prostitution, loitering in a public toilet, and using a concealed camera to record under a person's clothing or a person who is partially or completely undressed.

## DISPOSITION

The appeal is dismissed.  Costs are awarded to Google LLC.
<u>NOT TO BE PUBLISHED.</u>


                                    BENDIX, J.


We concur:



        ROTHSCHILD, P. J.



        FEDERMAN, J.*

_____

        * Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.