Filed 11/8/21  Alaoui v. Vaynerman CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AZIZ ALAOUI,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>YEVGENIY VAYNERMAN,<br><br>        Defendant and Respondent. | B308421<br><br>(Los Angeles County Super. Ct. No. BC699545) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas D. Long, Judge.  Dismissed.

Law Offices of D. Hess Panah & Associates and D. Hess Panah, for Plaintiff and Appellant.

McNeil Tropp & Braun, Deborah S. Tropp, and Tracy L. Breuer, for Defendant and Respondent.

This appeal fails for want of a signed order of dismissal or final judgment in the appellate record.

## I. BACKGROUND

As alleged in the complaint, plaintiff and appellant Aziz Alaoui (Alaoui) and defendant and respondent Yevgeniy Vaynerman (Vaynerman) were involved in an automobile collision in April 2016. Approximately two years later, Alaoui filed a complaint against Vaynerman alleging a single cause of action for negligence. Vaynerman answered the complaint, and the record suggests the parties engaged in an unspecified amount of discovery.

The trial court held a final status conference in February 2020. Neither party appeared. The matter was called for trial early the following month. Vaynerman was present; Alaoui was not. The trial court issued a minute order dismissing Alaoui's complaint without prejudice pursuant to Code of Civil Procedure section 581, subdivision (b)(5).[1] The minute order dismissing the complaint is not signed, and the record contains no judgment of dismissal.

Alaoui subsequently filed a motion to set aside the dismissal under Code of Civil Procedure section 473, which argued he was entitled to relief because his failure to appear was due to his attorney's excusable neglect. Alaoui's attorney, D. Hess Panah (Panah), provided a declaration asserting Panah's office had been diligent in pursuing Alaoui's rights, Panah was unaware how the trial date had not been properly calendared,

---

[1] Undesignated statutory references that follow are to the Code of Civil Procedure.

2

and the error was excusable and setting aside the judgment would not result in prejudice to Vaynerman.

Vaynerman opposed the motion, arguing Alaoui failed to show excusable neglect. He noted inconsistencies in the motion, he identified nine other cases in which Alaoui's counsel filed motions asserting excusable neglect as a reason for missing a trial,[2] and he argued he had been prejudiced by Alaoui's behavior.

The trial court held a hearing[3] and later issued a minute order denying the motion. The minute order explains that insofar as Alaoui was seeking relief under the mandatory provision of section 473, subdivision (b), such relief is not available for dismissals attributable to a failure to prosecute. The order recognizes the court has discretion to vacate the dismissal under the discretionary provisions of section 473 if Alaoui demonstrated the dismissal was entered as a result of mistake, surprise, inadvertence, or excusable neglect, but the court concluded Alaoui had not done so: a number of statements in the motion were "demonstrably false," counsel did not explain how counsel diligently pursued Alaoui's rights, and Vaynerman was prejudiced in preparing for and appearing at trial. The court concluded counsel's failure to appear was not a result of excusable neglect but, as demonstrated by his filing of the same motion in numerous cases, "a result of chronic mis-operation of his law practice."

---

[2]    Vaynerman attached copies of motions filed in four of those other cases as exhibits.

[3]    The appellate record does not contain a transcript of the hearing.

3

Alaoui appealed from the denial of the motion to set aside the dismissal. On September 21, 2021, we invited the parties to submit supplemental briefs addressing whether the absence of a judgment or signed order of dismissal in the record requires dismissal of the appeal.

## II. DISCUSSION

Alaoui purports to appeal from the denial of his section 473(b) motion. The only statutory grounds authorizing such an appeal would be as an appeal from a post-judgment order. (§ 904.1, subd. (a)(2).) Perhaps it goes without saying, but there must be a valid underlying final judgment when relying on the statutory provision that authorizes an appeal from a post-judgment order. (See, e.g., *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394; see also *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1578 (*Powell*).) There is no judgment in the appellate record here.

Alaoui counters that the order dismissing his complaint is effectively a judgment. That would be true but for one key fact: the order we have in the record—as we pointed out in our request for supplemental briefing—is unsigned. (See, e.g., *City of Los Angeles v. City of Los Angeles Employee Relations Bd.* (2016) 7 Cal.App.5th 150, 157 [a dismissal order is appealable as a final judgment when the order complies with section 581d, which states "[a]ll dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action . . . ."]; *Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 768; *Powell, supra,* 197 Cal.App.4th at 1577-1578.) Without a signed order of dismissal (or a judgment), we lack jurisdiction to hear

4

this appeal and must dismiss it.[4]  (*Munoz v. Florentine Gardens* (1991) 235 Cal.App.3d 1730, 1732.)

## DISPOSITION

The appeal is dismissed.  Vaynerman is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.

---

[4]   Because we dismiss the appeal on jurisdictional grounds, we need not resolve Vaynerman's pending motions or Alaoui's request for judicial notice.