Filed 4/18/23  S.S. v. T.B. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| S.S., | |
| Appellant, | E077296 |
| v. | (Super. Ct. No. FLIN1801137) |
| T.B., | OPINION |
| Respondent. | |

APPEAL from the Superior Court of Riverside County.  Dale R. Wells, Judge.

Mickie Elaine Reed, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)

Affirmed.

S.S. in pro. per., for Appellant.

La Quinta Law Group and Timothy L. Ewanyshyn, for Respondent.

I.

INTRODUCTION

S.S., proceeding in pro. per., appeals the family court's orders (1) denying her

request to contest T.B.'s registration of a Montana court child custody order and (2)

1

denying her request to set aside a five-year domestic violence restraining order against her. We affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

S.S. and T.B. had a child, A.B.S., in Montana in 2011. In May 2018, S.S. filed a request in Riverside Superior Court to register a Montana court's 2016 custody and visitation orders concerning A.B.S. About six months later, S.S. petitioned for an order establishing her as A.B.S.'s mother. Shortly afterward, T.B. filed a response to S.S.'s petition, as well as an emergency request to register a Montana court's recent order granting him sole legal and physical custody over A.B.S. The family court (Hon. Dale Wells) granted T.B.'s request on November 21, 2018, and temporarily adopted the Montana court's recent order as the court's order until further notice. The matter was set for a hearing in January 2019.

At a January 2019 hearing, T.B. asked Judge Wells to adopt the Montana court's custody orders as the final custody orders. Judge Wells asked S.S. why the court should not do so. S.S. said that she was "fine with that." Judge Wells then found that the family court had jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) because S.S. and T.B. live in California. Judge Wells asked S.S. if she objected to him assuming jurisdiction under the UCCJEA or adopting the Montana court orders granting T.B. sole legal and physical custody. S.S. confirmed that she did not.

2

Judge Wells therefore found the court had jurisdiction under UCCJEA, adopted the Montana court's orders, and granted T.B. sole legal and physical custody of A.B.S.

In May 2020, Judge Wells granted T.B.'s request for a domestic violence restraining order (DVRO) against S.S., which ordered her not to contact T.B. or A.B.S. for five years. Almost six months later, on November 12, 2020, S.S. moved to set aside the DVRO on the ground that the "facts & evidence that warrant the necessity of a restraining order . . . were not provided to the court." (Capitalization omitted.) S.S. also requested modification of the child custody, visitation, and support orders.

On December 15, 2020, the superior court entered an order nunc pro tunc stating that the T.B.'s November 2018 registration of the Montana court's orders had an incorrect case number and the clerk's certificate of mailing the order was incomplete. The court therefore corrected the document to reflect the correct file number and the completion of the clerk's certificate of mailing the document on December 15, 2020. Two days later, S.S. filed a request for a hearing to contest T.B.'s November 2018 registration of the Montana court's orders.

Commissioner Mickie Reed heard S.S.'s requests to vacate the DVRO and to contest T.B.'s registration of the Montana court's orders. Commissioner Reed denied both requests on February 3, 2021, finding that the deadlines to challenge the DVRO and the registration had passed. S.S. moved for reconsideration, which Commissioner Reed denied. S.S. timely appealed.

3

### III.

### DISCUSSION

S.S. contends Commissioner Reed erroneously denied her request to vacate Judge Wells's order registering the Montana court's orders under the UCCJEA and his order granting T.B. a five-year DVRO against her. We find no prejudicial error.

S.S. argues Judge Wells's November 2018 order temporarily registering the Montana court's order was void because she did not receive notice of it by mail, as shown by the court's December 2020 nunc pro tunc order. In her view, the family court violated UCCJEA's notice provision, codified in Family Code section 3445, which required the family court to notify her of T.B.'s registration of the Montana court orders and allow her 20 days to contest it. (See Fam. Code, § 3445, subds. (b)(2), (c).)

We assume without deciding that S.S. is correct that the family court failed to properly mail her notice of T.B.'s registration of the Montana court orders under Family Code section 3445. We also assume without deciding that S.S. did not forfeit the argument. The error, if any, was harmless because S.S. received notice of and expressly consented to the registration of the Montana court's orders and the family court's adoption of them. (See *In re A.C.* (2017) 13 Cal.App.5th 661, 673 [failure to follow UCCJEA's procedural requirements reviewed for prejudice]; *In re R.L.* (2016) 4 Cal.App.5th 125, 143 [same].)

A day after T.B. filed the registration, he served S.S. (as the family court directed) a copy of several documents, including his UCCJEA declaration stating that the Montana court had recently awarded him sole legal and physical custody of A.B.S. Two days later, T.B. filed a proof of service with the family court stating that he had served S.S. with a copy of his request for an emergency order to register the Montana custody orders. At the beginning of the January 2019 hearing, Judge Wells told S.S. that the hearing was being held in part to decide T.B.'s November 2018 request under that UCCJEA that the family court adopt the Montana court's orders, including that T.B. receive sole legal and physical custody over A.B.S. When asked whether she objected to the family court assuming jurisdiction under UCCJEA or adopting the Montana court's orders, S.S. confirmed that she did not object. The family court then found it had jurisdiction under UCCJEA and adopted the Montana court's orders.

In other words, S.S. not only had actual notice of T.B.'s request to register the Montana court's orders, she expressly consented to the family court adopting them. As a result, we conclude any deficiency in the family court's failure to mail S.S. notice of T.B.'s November 2018 registration of the Montana court's orders was harmless. Commissioner Reed therefore properly denied S.S.'s request to vacate Judge Wells's order adopting the Montana court's orders and properly denied S.S.'s subsequent motion for reconsideration.

S.S. also argues Commissioner Reed erroneously denied her November 2020 request to vacate Judge Wells's five-year DVRO issued against her in May 2020. We disagree. As Commissioner Reed correctly observed, S.S.'s motion to vacate the DVRO was essentially a motion for reconsideration given that the basis for the motion was that the DVRO should be vacated because the "facts & evidence" necessary to support a DVRO were "not presented" to the family court. (See *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577 ["[R]egardless of the name, a motion asking the trial court to decide the same matter previously ruled on is a motion for reconsideration."].) A motion for reconsideration must be filed 10 days after the challenged ruling. (Code Civ. Proc., § 1008, subd. (a).) This deadline is jurisdictional, so the trial court may not hear an untimely filed motion for reconsideration. (Code Civ. Proc., § 1008, subd. (e); *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 840.)

Judge Wells issued the DVRO in May 2020, but S.S. did not file her motion for reconsideration (her motion to vacate) until November 2020, long past the mandatory 10-day deadline. (Code Civ. Proc., § 1008, subd. (a).) Commissioner Reed therefore properly denied the motion as an untimely motion for reconsideration and, in turn, properly denied S.S.'s subsequent motion for reconsideration of that order.

IV.

DISPOSITION

The family court's order registering the Montana court's November 2018 orders and the family court's order granting T.B. a five-year DVRO against S.S. are affirmed. T.B. may recover his costs on appeal.[1]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____
J.

We concur:

McKINSTER_____
        Acting P. J.

MILLER_____
        J.

---

[1] We grant S.S.'s multiple requests for judicial notice filed on February 4 and 25, 2022, and November 22, 2021.