Filed 4/28/26  Sturm v. Murphy CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TIMOTHY STURM, | B347697 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 24AVCV00066) |
| v. | |
| MICHAEL C. MURPHY et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen T. Morgan, Judge.  Affirmed.

Timothy Sturm, in pro. per., for Plaintiff and Appellant.

Michael C. Murphy, in pro. per.; Law Offices of Michael C. Murphy and Michael C. Murphy, Jr., for Defendants and Respondents.

Timothy Sturm (appellant) appeals from a judgment entered against him and in favor of respondents Michael C. Murphy and the Law Offices of Michael C. Murphy (respondents) in this matter. Appellant has failed to demonstrate the trial court erred in dismissing respondents as defendants in the lawsuit or in denying appellant's motions for reconsideration. Therefore, we affirm.

## BACKGROUND

California Rules of Court, rule 8.204(a)(1)(C) requires an appellant to support any factual reference to the record on appeal by "a citation to the volume and page number of the record where the matter appears." Appellant has failed to comply with this rule and has failed to provide any citations to the record in portions of his opening brief. We decline to consider factual or procedural assertions not supported with a citation to the volume and page number where the matter appears.

On January 7, 2025, appellant filed his second amended complaint (SAC) in this action against 11 defendants, including respondents. The complaint alleged 11 causes of action: (1) discrimination based on race in violation of California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.); (2) retaliation in violation of FEHA; (3) harassment in violation of FEHA; (4) retaliation based on violation of Government Code section 8547.1 and FEHA; (5) retaliation based on disclosing unsafe working conditions in violation of Labor Code section 6310; (6) failure to prevent harassment, discrimination and retaliation in violation of FEHA; (7) intentional infliction of emotional distress in violation of public policy; (8) conspiracy to commit fraud based on violation of Penal

2

Code section 132, Government Code section 8547.1 and FEHA; (9) aiding and abetting fraud based on violation of Penal Code section 132, Government Code section 8547.1 and FEHA; (10) professional negligence in violation of the Rules of Professional Conduct (legal malpractice); and (11) fraud (intentional misrepresentation) (legal malpractice).

Respondents were served with appellant's SAC, and on March 7, 2025, filed a demurrer to appellant's SAC. Respondents argued appellant failed to state a claim against them under any cause of action and that the SAC was fatally uncertain. On March 18, 2025, appellant filed his opposition. On March 24, 2025, respondents filed their reply.

The matter was called for hearing on April 1, 2025. No reporter's transcript of the proceeding has been provided to this court. The trial court took the matter under submission and informed the parties they would receive the court's written ruling by mail.

On April 7, 2025, the trial court filed a written ruling in which the court sustained respondents' demurrer to the SAC without leave to amend as to the third, seventh, eighth, and ninth causes of action. As to the 10th and 11th causes of action, the court granted appellant leave to amend and ordered appellant to file an amended complaint within 30 days of its order.[1] Attached to the ruling is a certificate of mailing by the

_____

[1] Appellant's assertion that he made an agreement with the judge "to delay the filing of amended complaints until all of the demurrers and other related documents were filed and ruled upon" is not supported by a citation to the record. The written minute order of April 7, 2025, directly contradicts appellant's unsupported assertion that he had an open-ended amount of time to file the amended complaint. Therefore, we decline to consider

3

clerk of the court, which was also filed and served on appellant and other counsel in the case on April 7, 2025.

Appellant failed to file an amended complaint by the deadline set forth in the court's April 7, 2025 order. On May 14, 2025, respondents brought an ex parte application to have the action dismissed as to them, with prejudice, due to appellant's failure to timely file the amended complaint as ordered by the court. The matter was called for hearing, and appellant made no appearance.[2] The trial court granted respondents' ex parte application dismissing respondents from the action with prejudice.

Respondents gave notice of the court's order on May 16, 2025.

On May 22, 2025, appellant filed an ex parte application seeking an order reconsidering the court's ruling dismissing respondents from the case with prejudice. In the memorandum in support of his ex parte application, appellant asserted the court had "agreed to delay the Third Amended Complaint" until the "demurrer phase" of the case concluded. Appellant asserted he was "involved in a construction project for the first half of

---

appellant's claim he was not required to file the amended complaint within 30 days of the court's written order. (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102 ["Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs."].)

[2] Appellant admits in his opening brief respondents "notified [appellant] of the hearing the day before by email," but appellant "missed the email and did not appear at the May 14, 2025 hearing."

4

May, 2025.  As a result, [appellant] was not reviewing his email account on a daily basis" and thus did not receive the e-mail dated May 13, 2025, notifying him of respondents' ex parte application.  Appellant stated he did not file an amended complaint following respondents' demurrer because of his "understanding" while talking to the court on April 1, 2025, that all demurrers would be heard and ruled upon before appellant would file an amended complaint.

On May 23, 2024, respondents filed their opposition to appellant's ex parte application, arguing it was procedurally defective and must be denied.

Appellant's ex parte application was called for hearing on May 27, 2025.[3]  Following the hearing, the court denied appellant's ex parte application for reconsideration of its order dismissing respondents.

On June 3, 2025, appellant filed a second ex parte application asking the court to reconsider its ruling dismissing respondents from the case with prejudice.  The court heard the matter on June 4, 2025, and denied the ex parte application.

On June 16, 2025, without leave of court, appellant filed a third amended complaint.  During a case management conference on July 1, 2025, the court ordered the third amended complaint stricken because it was not filed in accordance with the court's order of April 7, 2025.

---

[3]     No reporter's transcript of the hearing has been provided to this court.  However, the minute order notes the court read and considered the moving papers, inquired of respondents regarding the ex parte application, and heard oral argument.

**DISCUSSION**

**I.    Applicable law and standard of review**

Code of Civil Procedure section 581, subdivision (f)(2) permits a court to dismiss a complaint as to a defendant "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and [the] party moves for dismissal."[4]  A trial court's order dismissing an action under section 581, subdivision (f)(2) is reviewed for abuse of discretion.  The burden is on appellant to establish such abuse. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612.)

The denial of a motion for reconsideration under section 1008 is generally not appealable, but if the order that was the subject of the motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order.  (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576–1577.)

Our review of a court's decision under the portion of section 473, subdivision (b) invoking discretionary relief is highly deferential and will not be disturbed on appeal absent a clear showing of abuse of discretion.  (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413.)

It is "a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment."

---

[4]    All further undesignated statutory references are to the Code of Civil Procedure.

(*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) "'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."' [Citation.] "'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'"'" (*Id.* at p. 609.) "'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Ibid.*) A reviewing court "generally will presume the trial court's findings are supported by the evidence when no reporter's transcript is provided." (*Gilman v. Dalby* (2021) 61 Cal.App.5th 923, 939.)

Self-representation "is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

## II.   Appellant has failed to show error

Appellant has not met his burden of showing the trial court abused its discretion in dismissing his case against respondents with prejudice.

Appellant argues section 473, subdivision (b) permits a court to relieve a party from a judgment of dismissal taken against him through his mistake, inadvertence, surprise, or excusable neglect. However, appellant fails to provide a citation to the record showing he raised this issue at the trial court level. Points not raised in the trial court are forfeited on appeal.

7

(*Phillips v. Campbell* (2016) 2 Cal.App.5th 844, 853.) Appellant has forfeited this argument by failing to raise it in the trial court.

Appellant also argues when service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, the party may serve and file a motion to set aside the default and for leave to defend the action. (§ 473.5, subd. (a).) Appellant fails to provide a citation to the record showing he asked the trial court to set aside the judgment pursuant to this provision. Points not raised in the trial court are forfeited on appeal. (*Phillips v. Campbell, supra*, 2 Cal.App.5th at p. 853.) Appellant has forfeited this argument by failing to raise it in the trial court.

Appellant's arguments concerning electronic service under section 1010.6 require factual findings as to appellant's consent to receive electronic notice. (*Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1182 [substantial evidence standard applicable regarding trial court's implicit finding that defendant was properly served].) As appellant has failed to provide a reporter's transcript on appeal, we presume the trial court's implicit finding that appellant was properly served with notice of respondents' ex parte application is supported by the record. (*Gilman v. Dalby, supra*, 61 Cal.App.5th at p. 939.)

Appellant's citation to section 128 in support of the proposition that trial courts have the inherent power to control their process to conform to law and justice does not establish error in the trial court's decision.

Section 1094.5 is inapplicable in this proceeding.

Appellant makes several nonlegal arguments concerning his age, health, and lack of legal training. These arguments are

of no consequence, as the laws at issue in this matter apply equally to appellant regardless of these circumstances. (*Rappleyea v. Campbell, supra*, 8 Cal.4th at pp. 984–985.)

The record shows appellant was required to file his amended complaint against respondents within 30 days of the court's April 7, 2025 order. On May 14, 2025, respondents brought an ex parte application to have the matter dismissed as to them due to appellant's failure to timely file the amended complaint. The court had the authority to dismiss appellant's complaint against respondents pursuant to section 581. Appellant has failed to show that the trial court here abused its discretion.

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs of appeal.

CHAVEZ, J.

We concur:

LUI, P. J.

GILBERT, J.*

---

\* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9